## GROESBECK v. MARSHALL.

1. NOTICE TO STOP PROSECUTION—ESTOPPEL—CASES CRITICISED.—A promissory note given by the defendant for the amount due by his brother to sundry parties, to stop a prosecution against this brother for embezzlement, is based upon an illegal consideration, and is against public policy, null, and void, and defendant may successfully resist its payment at the suit of an endorsee for value after maturity; nor is defendant estopped from so pleading by his written statement, seen by the endorsee at the time of his purchase, that the note was given to pay claims against the brother, and that defendant had received from his brother a conveyance of land as security for this note. Williams v. Walker, 18 S. C., 577, and Booker v. Wingo, 29 Id., 116, compared and distinguished.

2. IBID.—PAROL TESTIMONY.—The illegality in the consideration of a note may be shown by parol testimony, and the introduction by plaintiff of other papers to show the consideration of the note in suit, did not prevent defendant from showing the illegal consideration of the note.

3. EXCEPTIONS which point out no specific errors are too general to require consideration.

4. CHARGING JURIES—PREPONDERANCE OF EVIDENCE.—In charging the jury as to the preponderance of the testimony, the trial judge did not mislead them by using the words: "Evidence that satisfies you that more likely than not such and such was the case."

5. PAPERS IN JURY ROOM—WAIVER.—Where a record is taken into the jury room without objection, no ground exists for an exception.

6. REQUESTS WITHDRAWN.—Error cannot be imputed to the trial judge for failing to charge requests which were presented, but afterwards withdrawn.

Before BENET, J., Richland, October, 1894.

Action by Jacob Groesbeck against J. Q. Marshall, on a promissory note, commenced February 24, 1894. The two exhibits referred to in the opinion were as follows:

"*Exhibit B.* Columbia, 31st July, 1890. Received from J. Q. Marshall $600, and his note for $1,187.50, payable on the 1st day of October, 1890, in full settlement of all demands of Bowen F. Wise and John Strow against J. Foster Marshall. (Signed) John W. Stokes, attorney for the above named parties." "*Exhibit C.* This is to certify that on the 31st of July, 1890, I gave one John W. Stokes a note for $1,187.50, in favor of himself, and due October 1st, 1890. Also, $600 in currency. The proceeds of said note for $1,187.50 to go to Bowen F. Wise and John Strough, respectively, or so much thereof as would be necessary to meet their claims against J. Foster Marshall, and the $600 in currency, or so much thereof as would be necessary to meet the claims of the following named parties against J. Foster Marshall, viz: Isaac Griffith, Sam'l Spring, and one Kyle, as the said J. Foster Marshall may direct, or wish disposed of. The above named amounts being due the aforementioned parties, more or less, by the said J. Foster Marshall, who has secured me, for advancing this money, by conveying to me his interest in real estate in Columbia, S. C. The said $600 in currency in nowise to be held by the said John W. Stokes until the maturity of the above described note for $1,187.50, but to be paid immediately, or so much thereof as would be necessary to meet the claims of Sam'l Spring, Isaac Griffith, and Kyle, and the balance, if any, to be paid J. Foster Marshall; and the said John W. Stokes signed as attorney, and so stated to me that he was such attorney, for Bowen F. Wise and John Strough, a receipt in full of all demands of Bowen F. Wise and John Strough against the said J. Foster Marshall. (Signed) J. Q. Marshall."

540                     GROESBECK *v.* MARSHALL.

—————————————————————————————————————————————————
                      Opinion of the Court.              [44 S. C.
—————————————————————————————————————————————————

When instructing the jury as to the preponderance of the evidence, the trial judge said: "When a jury comes to the conclusion that a defendant has brought forward evidence that satisfies them that, more likely than not, such and such was the case, then they may say he has established his defence by the preponderance of the evidence, or when the plaintiff satisfies the jury, by competent evidence, that it is more likely than not, that such and such was the case, not absolutely proved, not absolutely true, because neither the plaintiff nor the defendant is called upon to establish his complaint or make out his defence beyond a reasonable doubt, but by the preponderance of the evidence, that it is more likely than not that such and such was the case, then you may safely say that the defence has been made out by the preponderance of the evidence, or that the complaint has been established by the preponderance of the evidence."

Verdict was for defendant, and plaintiff appealed on fifty-four exceptions, which substantially made the points, that plaintiff was an innocent purchaser of the note for value, without notice of any other consideration than was stated in the note and exhibits; that parol testimony to prove a contemporaneous agreement with the payee was inadmissible against plaintiff; error in the language used in the charge as to the preponderance of the evidence, and in not charging certain requests.

*Messrs. Bachman & Youmans*, for appellant.

*Messrs. Lyles & Muller*, contra.

September 7, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. This is an action commenced by Jacob Groesbeck, of Mound City, Mo., against J. Q. Marshall, of Columbia, S. C., upon a promissory note made by the defendant, Marshall, on the 31st day of July, 1890, whereby he promised to pay to the order of one John W. Stokes the sum of $1,187.50 on the first day of October, 1890. Stokes, the payee, endorsed the note after its maturity to the plaintiff, Groesbeck.

The defendant, contemporaneously with the execution of said note, took from Stokes a receipt, marked "exhibit B," and, after the maturity of said note, delivered to J. Foster Marshall a certificate, marked "exhibit C," both of which will be set out in the report of the case. The defendant, in his answer, admitted the making of said note, and that no part thereof had been paid, but alleged as a defence to said cause of action that the consideration had failed, and that it was illegal in its inception, in that said note was given to prevent a criminal prosecution against J. Foster Marshall, the brother of the defendant, upon a charge of embezzlement, alleged to have been committed in Missouri.

The case came on for trial before his honor, Judge Benet, and a jury. The defendant, Marshall, in his testimony, says: No consideration whatever was given to me for signing that note that I gave to Stokes, nor for the $600. I owed Stokes nothing or Wise nothing. It was given for the sole purpose of having the prosecution stopped. That certificate was given to prevent this new warrant or this new arrest. Nothing was said about any consideration whatever from Foster Marshall, nothing was said—this was entirely an after matter— Mr. Youmans: We object. Witness (continuing): Given six months after. Q. (By Mr. Muller): To whom did you give that? A. To Foster Marshall. Q. Why? A. For the purpose of preventing his being arrested. These people thought this note was not going to be paid, and I wanted to show them that it would be paid—to prevent his second arrest; as soon as his second arrest, I said I wouldn't pay that note. I would have paid that note, no matter what it was, if he had not been arrested the second time; it was because they broke their promise and faith with me, and had him arrested. * * * Q. (By Mr. Muller): Was there any other reason why you signed that certificate to J. Foster Marshall besides to prevent another arrest of your brother? A. To prevent his being arrested and to let these people know that I would pay the note. I presumed they didn't think that note would be paid; if he hadn't been arrested, I would have paid the note. I don't know of anything else.

Groesbeck in his testimony says: "I am the owner of the note, sued on in this proceeding given by J. Q. Marshall to J. W. Stokes, and assigned to me by said Stokes. I gave my note for $537, signed by myself and J. Foster Marshall, for the note sued on. Bought the note in April, 1891. I was security for Marshall to Holt County Bank for $300, and for $1,600 to Mound City Bank. I was to have the difference between the $537 and the $1,187.50 when collected, to be applied to these endorsements. * * * I relied upon the papers above referred to (exhibits "B" and "C") as to the consideration, and the information they contained as to consideration, of the $1,187.50 note. * * * I never heard of any defence to the payment of this note, until I heard of it from Mr. Sloan, of S. C., in 1892," &c.

The jury rendered a verdict in favor of the defendant. The plaintiff appealed upon numerous exceptions, which will be set out in the report of the case.

We will first consider whether the defendant had the right to interpose against the plaintiff such defences as could have been set up against Stokes, the payee of the note. This is not an action for damages alleged to have been sustained by the plaintiff on account of incorrect statements in the instruments of writing aforesaid, inducing him to become the endorsee of the note, nor is it an action by the plaintiff seeking to be subrogated to the rights of J. Foster Marshall in the property conveyed to the defendant, on the ground that the consideration upon which it was conveyed having failed, he should no longer be allowed to hold the same; but this action is simply upon the note. If the note was given upon the consideration that the prosecution against J. Foster Marshall for embezzlement should be discontinued, such contract would be against public policy, illegal, null and void. *Williams* v. *Walker*, 18 S. C., 577, and cases therin cited.

The general proposition that an endorsee of a negotiable promissory note after maturity, takes it subject to all equities existing between the original parties to the note, is not questioned; but it is contended that the defendant is estopped, by reason of the fact that J. Foster Marshall, to whom the defendant had delivered the receipt and certificate hereinbefore men-

tioned, showed them to Groesbeck at the time he became the endorsee of the note, and thereby induced such action on the part of Groesbeck.   Let us analyze the statements contained in the receipt and certificate.   The only fact set forth in the receipt which does not appear upon the face of the note, is that it was in full settlement of all demands of Wise and Strought against J. Foster Marshall.   The facts set forth in the certificate which do not appear upon the face of the note are: 1st. How the proceeds are to be divided amongst those to whom the several amounts are due.   2d. That J. Foster Marshall had conveyed his interest in real estate in Columbia, S. C., to the defendant as security for the sums therein mentioned.   3d. That Stokes signed the receipt in full as attorney, and so stated that he was attorney for the parties therein mentioned.   4th. That the $600 was not to be held until the *maturity* of the note for $1,187.50, but was to be paid out immediately.   The certificate bears no date, and there is nothing upon the face to show whether it was made before or after the maturity of the note, except the words "until the maturity of the note," which indicates that the certificate was made *before* the maturity of the note, though the testimony is to the contrary.   The certificate does not show the nature of the demands which Wise, Strought, and others held against J. Foster Marshall.

A note given by a third person as compensation for the civil injury in a case of this kind is without consideration.   In the case of *Williams* v. *Walker*, *supra*, the court says: "But where a note is given by a person not liable for the damages sustained by the party injured, for the purpose of stopping a prosecution even for assault and battery, it will be held void, as based upon an illegal consideration, because in such a case the consideration cannot be referred to the compensation due by the one to the other, for there is nothing due in such a case from the maker to the payee of the note, and the consideration must be referred to the stopping of the prosecution, and is, therefore, illegal.   These views are fully supported by the following cases: *Corley* v. *Williams*, 1 Bail., 588; *Mathison* v. *Hanks*, 2 Hill, 625; *Banks* v. *Searles*, 2 McMull., 356; *Gray* v. *Seigler*, 2 Strob., 117." See, also, *Hearst* v. *Sybert*, Cheves, 177.   The case of

*Booker* v. *Wingo*, 29 S. C., 116, differs from the case of *Williams* v. *Walker* in some important particulars: 1. The deed executed and delivered by the third party was based upon a valuable consideration apart from the compensation made for the civil injury sustained by reason of the criminal act. 2. The contract was executed, the grantee performed his part of the contract, and the grantor acquiesced in his possession for eighteen months. Under these circumstances, the court refused to lend its aid, as the parties were *in pari delicto*, especially as the *status quo* could not be restored, nor had there been any offer to restore it.

It does not appear that the plaintiff made any inquiry as to the consideration of the note, although he had ample opportunity to do so. There were facts and circumstances sufficient to put him on inquiry, and his failure to find out the facts in the case must be attributable to his own negligence. He should have inquired why J. Q. Marshall, a third party, living in South Carolina, gave a note to settle demands of certain persons in Missouri against J. Foster Marshall. He cannot insist that he was misled by the statement in the certificate that J. Foster Marshall had conveyed his interest in real estate in Columbia for the purpose of securing the defendant for money advanced, as it is not contended that this statement is untrue. This court is, therefore, in view of all the foregoing facts and circumstances, of the opinion that the defendant could set up his defence against Groesbeck, the plaintiff.

We will next consider whether parol evidence was admissible to show the illegality or failure of consideration of the note.

The note recites simply that it was for *value received.* In a case of this kind, the case of *Magrath & Byrum* v. *Barnes*, 13 S. C., 328, shows that parol evidence is admissible to show the true consideration. When the defence is interposed that a contract is illegal, there is no necessity to cite authorities to show that it is competent to introduce parol testimony as to all the facts and circumstances surrounding the transaction, just as in a case where usury is pleaded. The receipt and certificate were introduced in evidence by the plaintiff for the purpose of showing the consideration of the

*note.* Defendant's testimony was introduced for the purpose of showing the consideration of the *note*, and not for the purpose of varying the terms of the receipt and the certificate. The receipt and the certificate were to be considered by the jury in coming to a conclusion as to what was the real consideration of the note, but their introduction in evidence did not prevent the defendant from showing the real consideration thereof. Under the view which we have taken of the action, it was not material to show what was the consideration of the deed to J. Q. Marshall; the exceptions, therefore, bearing upon this question need not be considered.

The exception (No. 17) complaining of error on the part of the presiding judge in admitting in evidence a copy of the record of the Circuit Court of Holt County, Mo., fails to point out any specific error, and is too general for consideration. For the same reason, the exception (No. 29) as to admitting the General Statutes of Missouri in evidence, will not be considered.

Appellant contends that the presiding judge, in defining the meaning of preponderance of evidence, erred in using the words "more likely than not." There was nothing in these words calculated to mislead the jury.

It is insisted that the presiding judge erred in permitting the jury to take to their room the record from the Circuit Court of Holt County, Mo. The "Case" shows that when the jury asked for the record, no objection was made at the time, although objections had previously been made to its introduction. The plaintiff should have made the objection when the jury asked for it, and, having failed to do so, waived his right of objection.

The exceptions complaining of error on the part of the Circuit Judge in charging certain requests of defendant, cannot be sustained, for the reason that the "Case" shows that they were withdrawn.

Although we have not considered the exceptions in detail, we have endeavored to decide all questions properly arising under them.

35—44

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.