### STATE v. ROBINSON.

1. LABORER'S CONTRACT—STATUTES—PUNISHMENT.—Violation of a laborer's contract on March 16, entered into on March 4, is punishable under act going into effect March 16.

2. IBID.—A contract to rent land from one is not inconsistent with a contract to labor for another.

3. IBID.—A contract made by landlord with laborer on which money was advanced to settle a criminal prosecution, in which settlement the landlord actively participated, is void, and laborer cannot be convicted for its violation.

Before TOWNSEND, J., Anderson, June, 1904. Reversed.

Indictment against Adam Robinson. From Circuit order affirming magistrate judgment, defendant appeals.

*Messrs. Magill & Magill,* for appellant, cite: *Defendant cannot be punished under statute changing punishment:* 12 Ency., 529, 530; 14 Rich., 164. *Contracts used for compromise of prosecution are void:* 15 Ency., 977; 22 S. C., 430; 18 S. C., 577; 1 Bail., 589; Clark on Con., 483; 9

Rich., 262; 1 Strob., 82; 1 Bay, 249; 44 S. C., 538; 2 Hill,"
625; 2 McM., 356; 2 Strob., 117; Chev., 177; 51 S. C., 362.
*As to meaning of "advances:"* 1 Ency., 757; 17 Ency., 3;
13 S. C., 267; 5 S. C., 468; 24 Enc., 44; 2 Bish. Cr. L., sec.
1904; 24 Enc., 48; 16 S. C., 624; 22 S. C., 301; 63 S. C.,
460.

*Solicitor J. E. Boggs,* contra.

February 14, 1905.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   The defendant was convicted in
the court of Magistrate, D. R. Greer, in Anderson County,
of the offense of violating a contract to labor after having
received advances from the landlord; and the judg-
ment was affirmed by the Circuit Court.   The prose-
cution was under the act, approved February 25,
1904, which went into effect twenty days thereafter.   24
Stat., 428.   The magistrate found the date of the alleged
offense to be March 16, 1904, the day on which the act went
into effect, and there was testimony to sustain this finding.
Defendant's position, therefore, that he was convicted under
a law which was not in force at the time of the alleged
offense, is not well founded.

It is next contended the alleged contract contemplated a
civil injury to a third person, because the prosecutor knew
the defendant to be under contract to cultivate the land of
Mrs. Dodson at the time he contracted with him.
The magistrate found the first contract was to rent
land, which was not necessarily inconsistent with the
second contract to labor for another.   There was no evi-
dence of circumstances which would make the two contracts
inconsistent, and the judgment cannot be reversed on this
ground.

The position that the contract for the violation of which
defendant was indicted was illegal, because it was made, and

the money advanced by the prosecutor on the faith of it, for the purpose of settling a criminal prosecution, must be sustained. The prosecutor testified: "I advanced Robinson $120. I did not give Adam any money in his hand. I gave the money to Mr. Monroe. I gave Mr. Monroe $20 in money and note for $100 after the contract was signed. Adam said if I would pay some money to Mr. Monroe, he would work a crop for me. I paid Mr. Monroe the money, with the understanding that the criminal prosecution was to be dropped against Adam." And the magistrate says in his report: "The defendant had been indicted, charged with violating another contract. He applied to Joe M. H. Ashley and offered if he would advance the amount necessary to pay what he owed the prosecutor, he would work for him. Mr. Ashley did so, and the contract was afterwards made and signed." This clearly shows that the prosecutor in this case actively participated in the compromise of another criminal prosecution, and his contract with defendant based on such participation was void. *Pierson* v. *Green,* 69 S. C., 559; *Williams* v. *Walker,* 18 S. C., 577; *Wallace* v. *Lark,* 12 S. C., 578. The contract being void, there was no basis for this prosecution.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.