6901

## BANKHEAD v. SHED.

CRIMINAL PROSECUTION—COMPOUNDING FELONY.—A MORTGAGE, given to secure a valid existing indebtedness, the giving having been induced by promise of mortgagee not to prosecute the mortgagor for violation of a criminal statute if paid at maturity, is valid. That the statute under which the prosecution was threatened was void, *held* not to affect the transaction.

MR. CHIEF JUSTICE POPE *dissents.*

Before PRINCE, J., York, December, 1907.    Reversed.

Action by Alex. Bankhead against Irwin Shed and C. T. Allen. From Circuit judgment, reversing judgment of Magistrate J. C. Comer, defendants appeal.

*Mr. A. L. Gaston,* for appellants, cites:  *An antecedent existing debt is a valid consideration of a mortgage:* 6 Cyc., 1013; 1 Cobbey on Chat. Mtgs., sec. 126; Jones on Chat. Mtgs., sec. 81. *Sec. 357 of Criminal Code and amendments, Acts 1904, 428-9, are constitutional:* 56 S. C., 420; 61 S. C., 74. *Mortgage given to secure payment of advances made is valid whether mortgagor is prosecuted for violation of contract or not:* 2 McM., 256; 2 Hill, 625; 1 Bail., 558; 18 S. C., 582; 1 Bish. New Cr. L., secs. 711-2, 715a, 247, 694, 714; Clark's Cr. L., 330; 1 Cyc., 689; 1 Hill, 372; 2 Brev., 302.

*Mr. John R. Hart,* contra, cites:  *Any contract based on agreement to compound a felony or misdemeanor is illegal:* 6 Ency., 409; 18 S. C., 583; 51 S. C., 362; 44 S. C., 538; 1 Bay., 249; 1 Bail., 588; 2 Hill, 625.

April 27, 1908.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  This suit in claim and delivery was commenced in a magistrate's court and resulted in a verdict

and judgment for defendants, but on appeal to the Circuit Court, Judge Prince reversed the same and rendered judgment in favor of plaintiff for the personal property in dispute.

The property, some furniture, originally belonged to John Bankhead, who, in 1906, was under contract with N. A. Clack to work some farm land for him that year. Bankhead, after receiving advances from Clack to the amount of $25.05-100, quit work, and by an arrangement with Clack on May 17, 1906, executed to Clack a chattel mortgage on said furniture to secure the payment of said debt, payable on May 26, 1906. Bankhead then moved from Clack's place and put the property in possession of his father, the plaintiff. When the mortgage became due the defendant, C. T. Allen, a constable of Chester county, acting as agent for Clack, seized the property under the mortgage and the same was stored in the house of defendant Shed. This action was brought for its recovery.

Judge Prince gave judgment for plaintiff on the ground that Clack, having admitted in his testimony before the magistrate that the consideration of the mortgage was the stopping of a criminal prosecution, that such consideration was illegal and the mortgage invalid. The exceptions involve the question whether under the undisputed facts the consideration of the mortgage was illegal and the mortgage invalid.

John Bankhead, the owner of the property in question, was justly indebted to Norris A. Clack and gave the mortgage on the property as security for the indebtedness. Alex. Bankhead, father of John Bankhead, was present when the mortgage was executed, and testified that his son owed Clack the $25, and gave the mortgage willingly.

John Bankhead admitted that he owed Clack the $25.05 for advances, and testified: "I told him I would give him the mortgage until I could pay him." * * * "I signed the mortgage to make him sure of his money and that I

would be freed. He wanted me to make some settlement before I moved, and that is when I gave him the mortgage."

Amzi Burris testified that he heard the contract between the parties, that Clack asked him if he had made any arrangements to settle the debt with him; John said he had not. Clack said if he would give him collateral security it would settle everything and that he might go.

J. D. Clack testified that he was present when the mortgage was given and witnessed it, that his son claimed that Bankhead owed him and that he would have to pay, him before he left; that Bankhead admitted it and agreed to give the mortgage.

J. L. Duncan testified that John Bankhead admitted to him that he owed Clack and that he had given him a mortgage to secure a debt.

Now, it is true that N. A. Clack, on cross-examination, testified: "The sole object of this mortgage was that if he paid me the money within ten days I would not prosecute. The mortgage was given me to stop a prosecution. If paid in ten days there was to be no prosecution." But he also testified that at the time Bankhead gave him the mortgage he owed him $25.05 for supplies and money advanced, that he did not promise not to prosecute him to get him to sign the mortgage, that he agreed to wait on Bankhead ten days for payment if he gave the mortgage, that no proceedings had been started against Bankhead, that he did not claim anything of Bankhead more than the debt he owed him.

Now, it seems to us that the only inference of which the testimony is susceptible is that the mortgage was given to secure a valid existing indebtedness, but that this result was induced by the promise of the mortgagee not to prosecute the mortgagor for violation of the labor contract statute, if the mortgage was paid in ten days.

We need not pause to note that section 357 of the Criminal statutes, making it a misdemeanor to wilfully violate an agricultural labor contract after obtaining advances on the faith

of it, was absolutely void at the time of the execution of the mortgage *(Ex parte Holman,* 79 S. C., 9), nor is it necessary to consider whether a promise not to prosecute under a void statute is so contrary to public policy as to vitiate the mortgage. It is sufficient to say that if the mortgagor was liable to be subjected to a prosecution under section 357 and the mortgagee, in consideration of the execution of the mortgage to secure a valid existing debt, agreed not to prosecute if payment was made in ten days, that the existing debt was such a valid consideration as to support the mortgage

In *Matthison* v. *Hanks,* 2 Hill, 625, a note given in satisfaction of an assault and battery is valid, the injury done to the payee by the assault and battery being a good and legal consideration, and in *Banks* v. *Searles,* 2 McMullen, 356, a note given in part as compensation and partly to compromise a prosecution for an assault and battery is not void, the consideration being adequate to sustain the action.

The principle of these cases is that where the note or mortgage is supported by a valid consideration *between the parties* it is not void. The case does not fall within the principle of those cases in which some *third* party is sought to be bound by an obligation as to him based solely upon the consideration of stopping criminal proceedings, as, for example, in *Corley* v. *Williams,* 1 Bail., 588; *Williams* v. *Walker,* 18 S. C., 583; *Groesbeck* v. *Marshall,* 44 S. C., 543, 22 S. E., 743; *Bleckley* v. *Goodwin,* 51 S. C., 362, 29 S. E., 3.

It is true, as declared in *Booker* v. *Wingo,* 29 S. C., 122, 7 S. E., 49, that the law does not tolerate the abuse of criminal process as a means of collecting debts, and that contracts made solely on a compromise of indictments for crime will, as a rule, be set aside, but the Court recognized the exception to the general rule in the principle declared in *Banks* v. *Searles, supra,* and in enforcing the principle declined to relieve a married woman of her deed in settlement of a debt of her husband and father, although one of the main inducements upon her mind was the promise to use

influence to stop a pending prosecution of her husband for larceny. The release of the debt against her husband and father was deemed a good and valuable consideration supporting the deed.

This principle was also enforced in *Pierson* v. *Green,* 69 S. C., 559, 48 S. E., 624, wherein it was held that a mortgage given by a wife for money to pay her husband's debts and to compromise a criminal prosecution against him, which the mortgagee actually aided in carrying to effect, is void as to so much of the mortgage debt as was used in compromising the criminal prosecution, but valid as to the remainder used in paying the husband's debts. In that case the *parties to the mortgage* were third parties and under no obligation to settle the claim of the prosecutor against the prisoner in jail, and the only consideration supporting their payment to the prosecutor was the stopping of a criminal prosecution.

In this case the parties to the mortgage are the original parties concerned, and the mortgage rests upon a valid consideration moving between the parties. Moreover, in this case, there was no *duress* by imprisonment and no prosecution had ever been begun. At most there was a mere threat to prosecute under a void statute, if the debt was not adjusted.

The case of *State* v. *Robinson,* 70 S. C., 468, 50 S. E., 192, does not conflict with the view announced, but, on the contrary, harmonizes therewith, for in that case a third party, Ashley, paid money to Monroe for the purpose of settling a criminal prosecution by Monroe against Robinson. No consideration moved between Ashley and Monroe but the payment and receipt of money to stop a criminal prosecution against Robinson. Hence such an illegal and void transaction could not support the labor contract between Ashley and Robinson for violation of which Robinson was criminally prosecuted by Ashley.

The breach of the labor contract by Bankhead, under the decision of the Court in *Ex parte Holman, supra,* was a

17—80

mere private wrong for which Clack had merely civil reme-
dies, and the mortgage secured nothing but a valid existing
debt.    The case, therefore, falls well within the doctrine of
*Banks* v. *Searles, supra.*

If it be said that this is an action at law and that the
finding of fact by the Circuit Court that the consideration
of the mortgage was the stopping of a prosecution is final
and cannot be reviewed, we are still of the opinion that it
was error of law upon the undisputed facts of the case to
hold the mortgage void.    The evidence is not susceptible of
an inference that the debt was not also a consideration of
the mortgage.

The judgment of the Circuit Court is reversed, and the
judgment of the magistrate court is affirmed.

MR. CHIEF JUSTICE POPE, *dissenting.*    This action was
begun in Magistrate J. C. Comer's Court, in York county,
for claim and delivery of certain personal property which
had been mortgaged to secure a debt of twenty-five dollars
and five cents.

It seems that one John Bankhead had contracted as a com-
mon laborer with Norris Clack for twelve months; at the
expiration of four months the said John Bankhead refused
to go on with said contract; he had received advances in
money and supplies to the extent of twenty-five dollars and
five cents.

When the said John Bankhead left, Clack retained his
furniture and a prosecution was threatened under section
357 of the Criminal Code, Vol. II, of 1902, and the amend-
ment thereto.

This legislation provided that if the laborer should be
indicted for refusal to perform his contract and convicted
therefor the laborer was to be punished by fine or imprison-
ment.

Bankhead was informed by Clack that the property would
be delivered and the prosecution stopped, provided he exe-
cuted a chattel mortgage on the said property for the said

amount of twenty-five dollars and five cents, payable within ten days from date. The debt not having been paid, the property was seized by the agents of Clack; thereupon this suit was brought in claim and delivery in Magistrate Comer's Court; all the facts were brought out, and a jury in the magistrate's court returned a verdict in favor of the defendants.

An appeal was taken, which came on to be heard before Judge Prince, who filed the following judgment:

"The above action came up to this Court upon appeal, and the various exceptions embrace two questions, namely: Was the mortgage in dispute given to stop a prosecution; 2, If so was the consideration of the mortgage a valid one? The first question (the consideration of the mortgage being the stopping of a prosecution) being admitted by the mortgagee, Clack, in his evidence before the magistrate, I hold, as a matter of law, that the consideration was not a legal one and that the chattel mortgage is invalid, it is therefore, ordered that the judgment of the magistrate's court be reversed (the judgment being for the defendants) and that said property in dispute be delivered to the plaintiff." .

The defendants have appealed to this Court and seek to reverse Judge Prince's order.

In his testimony Clack says: "I never did permit him to move. The sole object of this mortgage was that if he paid me the money in ten days I would not prosecute. The mortgage was given me to stop a prosecution. If paid in ten days there would be no prosecution. * * * Don't think I could have collected anything off John Bankhead without this mortgage."

As is well said in 6 A. & E. Enc. L., 409: "Any contract or transaction the consideration of which, or any part thereof, is an agreement to compound a felony or any misdemeanor, except in the cases heretofore discussed, is illegal."

This doctrine of the law is in consonance with our own decisions in the cases of *Bell* v. *Wood,* 1 Bay., 249; *Corley* v. *Williams,* 1 Bailey, 588; *Matthison* v. *Hanks,* 2 Hill, 625; *Bleckley* v. *Goodwin,* 51 S. C., 362, 29 S. E., 3, and *Grosebeck* v. *Marshall,* 44 S. C., 538, 22 S. E., 743.

I think the Circuit Judge committed no error, and the judgment of the Circuit Court should be affirmed.