LEONARD v. ATKINSON

(130 S. E., 755)

1. EVIDENCE—ADMITTING EVIDENCE TO EXPLAIN UNAMBIGUOUS TERM
OF CONTRACT HELD ERROR.—Admission of testimony to explain the
term 90 days used in contract to designate time for constructing
building *held* error, notwithstanding contractor's bid of same date
as contract specified 90 working days.

2. TIME—CONTRACT HELD TO CALL FOR PERFORMANCE WITHIN 90 DAYS
FROM DATE.—Contract for construction of building limiting time
to 90 days after date of contract, with certain exceptions, *held*
not to exclude Sundays or holidays, but to require performance
within 90 days, unless for reasons growing out of exceptions in
contract.

3. APPEAL AND ERROR—EXCEPTION TO RULING EXCLUDING TESTIMONY
NOT AVAILABLE, WHERE TESTIMONY AFTERWARD ADMITTED.—Excep-
tion to ruling that witness could not testify as to whether building
was completed or not *held* without foundation, where witness was
permitted to testify that work had not been finished and as to con-
dition of building.

4. CONTRACTS—RULING THAT OCCUPANCY OF BUILDING BY OWNER BE-
FORE COMPLETION WAS ACCEPTANCE OF CONTRACT HELD ERROR.—
Ruling that occupancy of building by owner before completion was
an acceptance of performance of contract *held* error, since owner
should have been permitted to show under what circumstances he
took possession.

5. CONTRACTS—QUESTION FOR JURY WHETHER OWNER'S OCCUPANCY OF
BUILDING BEFORE COMPLETION WAS ACCEPTANCE OF CONTRACT.—Oc-

cupancy of building by owner before completion cannot be held exclusively, as a matter of law, an acceptance of performance of contract, but is a question of fact to be determined by jury.

6. TRIAL—CHARGE LIMITING CONTRACTOR'S LIABILITY TO DELAY DUE TO HIS NEGLIGENCE HELD ERROR.—Charge that contractor would be liable for rental for delay due to his negligence *held* error, where contract made specific provisions not depending upon contractor's negligence.

Before F. P. McGOWAN, SPECIAL JUDGE, Sumter, Fall, 1922. Reversed.

Proceeding for foreclosure of mechanic's lien by S. S. Leonard against Christopher Atkinson. Verdict for plaintiff and defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Meaning of "working days":* 14 Fed., 422; Lalor's Supp. (N. Y.), 50; 8 Words & Phrases, 7521. *Parol testimony not admissible to vary written contract:* 46 S. C., 372. *Interpretation of time limits in contracts; Sundays, holidays, etc.:* 80 S. C., 151; 76 S. C., 176; 44 Tex. Civ. App., 580; 205 S. W., 278; 181 N. W., 872; 69 N. Y. S., 732; 60 App. Div., 40; 78 A. S. R., 364; 52 La. Annual, 936; 6 Words & Phrases, 5302. *Non-expert witness may give opinion based on actual observation:* 92 S. C., 297; 25 S. C., 24; 22 C. J., 498 and 518. *Question of negligence immaterial:* 9 C. J., 794. *Owner of unfinished house begins occupation:* 9 C. J., 793; .72 Ark., 525; 81 S. W., 1059; 114 N. Y. S., 1084; 62 Misc., 449.

*Messrs. Epps & Levy,* for respondents, cite: *Time for motion for non-suit:* 123 S. C., 155.

December 14, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

This was a proceeding for the foreclosure of a builder's lien, and came on for trial in Sumter County before, Hon. F. P. McGowan, special Judge, and a jury. A verdict was

returned for the plaintiff in the sum of $500, and the defendant appealed.

The controversy grew out of a contract which the plaintiff-respondent had with the defendant-appellant for the erection of a storehouse in the city of Sumter. It will not be necessary to set out the contract at length. The following are some of its provisions which are necessary for a right understanding of the case:

"Article I. The contractor shall and will provide all materials and perform all the work for the erection and completion of a brick building to be situated on East Hampton Avenue, Sumter, S. C. Except such materials mentioned in the specifications which the owner agrees to furnish, as shown on the drawings and described in the specifications prepared by J. H. Johnson, architect, which drawings and specifications are identified by the signatures of the parties hereto, and become hereby a part of this contract.

"Article VI. The contractor shall complete the several portions, and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, to wit: The building shall be completed in ninety days from the date of this contract. And for each and every day the building remains uncompleted after the ninety days, the contractor shall pay the owner the sum of ten ($10.00) dollars per day as a rental fee.

"Article VII. Should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, or the architect, or of any other contractor employed by the owner upon the work, or by any damage caused by fire or other casualty for which the contractor is not responsible, or by combined action of workmen in no wise caused by or resulting from default or collusion on the part of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, which extended period shall be de-

termined and fixed by the architect; but no such allowance shall be made unless a claim therefor is presented in writing to the architect within forty-eight hours of the occurrence of such delay."

The contract is dated June 6, 1919. The following letter was put in evidence:

"Bid.

"Sumter, S. C., June 6th, 1919.

"Mr. J. Herbert Johnson, Architect, City.—Dear Sir: I will build store building fronting on Hampton Ave., City of Sumter as per plans furnished by you drawn for Mr. C. Atkinson of Columbia, S. C., for thirteen thousand one hundred and thirty-one ($13,131.00) dollars. Making walls 17″ thick 16′ in height, and increase size of foundation 36″ at bottom, 24″ at top, 20″ in height, one part Portland cement, two parts sand and five parts broken stone for the concrete mixture for foundation. Time to complete ninety (90) working days.

"Inclose certified check one hundred ($100.00) dollars as required with bid.

"Respectfully,                    S. S. LEONARD."

It will be seen that the letter and the contract bear the same date.

There are eight exceptions. The first exception alleges error in allowing the plaintiff to introduce testimony as to the meaning of the term "ninety days" used in the written contract between the parties, the defendant contending that the expression "ninety days" is unambiguous and well understood, and that it must be construed in accordance with its accepted meaning. By referring to the contract, it will be seen that the letter is not made a part of it, nor is the term "working days" used in the contract, but that this expression is used: "The building shall be completed in ninety days from the date of this contract."

While there would be a very strong reason to assume that the plaintiff *intended* to contract as is set forth in his letter, on the other hand, alterations in bids are

frequently made, and the terms of the offer are varied, and a contract follows, with such variations. Since there is not any ambiguity in the terms of the contract, it must be assumed that the parties did vary the terms of the bid, for such is the effect of the writing to which they both assented by signing it, and, there being no ambiguity in the use of the terms "ninety days" as is commonly understood, both parties are bound by it, and there was error on the part of his Honor in admitting testimony by way of explanation of this term.

In one form or another, the matters complained of in the fourth, fifth, and sixth exceptions are embraced in the first exception, and these exceptions are likewise sustained. "Working days" have a particular significance, and in the contracting business are explained by the plaintiff, after an experience of 35 years, to mean the exclusion of "Sundays, holidays, strikes, want of material through no fault of the contractor, unless it is shown that there was collusion in delaying the work. They are always eliminated from the contract. The railroad and the government in any contract work always take these things into consideration." So that there is really a very material difference between contracting to build a building in "ninety working days," and in "ninety days," as explained by the plaintiff. The letter of the plaintiff simply led up to the making of the contract, and the contract does not state that the offer is accepted, and that the building will be erected in accordance with the bid made, but the contract is complete in itself, without any reference in it to the letter, nor is the term "working days" used.

In *Craig v. Insurance Co.,* 80 S. C., at page 155 (61 S. E., 425; 18 L. R. A. [N. S.], 106; 128 Am. St. Rep., 877; 15 Ann. Cas., 216), in speaking of giving notice, the Court refers to certain other cases and adds: "But none of these cases support the proposition that where the parties choose to fix a limit within which notice must be given the Court

can annul their agreement, and substitute its own notion of what would have been a proper provision on the subject"; and further quoting from *Salley v. Railway Co.*, 76 S. C., 176; 56 S. E., 782, where an act is required to be done in a certain number of days exceeding a week, Sunday is not excluded from the computation.

The contract which we have before us does not exclude Sundays or holidays, and the contract was to have been performed within 90 days unless something should arise which would cause an extension of time growing out of the exceptions mentioned in Article VII of the contract, viz.: Delay caused the contractor: (1) By the act, neglect or default of the owner, of the architect or any other contractor employed by the owner upon the work. (2) By any damage caused by fire or other casualty for which the contractor is not responsible. (3) By combined action of workmen in no wise caused by or resulting from default or collusion on the part of the contractor.

As there must be a new trial, whether the plaintiff can avail himself of these exceptions at that trial is a matter that will have to be disposed of when that occasion arises.

Exception 2 alleges error in refusing to permit Mr. Smith, a witness for the defendant, to testify that the building was not completed. Evidently this exception is taken under a misapprehension. Mr. Smith testified fully that the roof was defective and leaked, and a good part of the office was not finished; that the windows had to be rehung, as the sashes would not work. "Mr. Leonard did not complete the building; Mr. Knowles did." Immediately following this, it appears that counsel for the appellant asked the Court if the Court ruled that he could not show by the witness that the roof was not completed. The Court held that he could not do so, because he had not set it up in his answer, and that the witness was giving an opinion, and that the matter was submitted to the architect, and that the architect was not present. Afterwards, the witness, Mr. Smith, was permitted

to testify further that the work had not been finished, so that, really there does not appear to be any basis for this exception.

Had his Honor held that this testimony could not be given or considered, there would have been error, for the witness could testify as to the state of the building, so far as his own knowledge extended, so that this exception must be disposed of with the foregoing statement, viz.: That it was taken under a misapprehension as to what had taken place, and if Mr. Smith had not been permitted to testify it would have been error.

It appears that the appellant, through his agent, Mr. Smith, took possession of the building before it was completed. It was sought to show under what circumstances this occupancy commenced. His Honor ruled that the occupancy of the building was an acceptance of the contract. There was error in such holding. The defendant ought to have been permitted to show, if he could, under what circumstances he took possession of the building.

Practically the same question is raised in the eighth exception, and that exception is sustained. It could not be held conclusively, as a matter of law, but is a question of fact to be determined by the jury whether, under all circumstances, the defendant should be bound to an acceptance of the contract upon entering the building.

The seventh exception alleges error on the part of his Honor in telling the jury that the sum involved was $8 per day for the time the plaintiff was negligent in not completing the job; the alleged error being two-fold, first, that the sum was erroneously stated as $8, instead of $10 per day. This was a mere inadvertance on the part of his Honor, and this part of the exception cannot be sustained, but the remainder of the exception, which imputes error in making the plaintiff's lability for rental depend upon whether the delay was due to his negligence, must be sus-

tained, as this is not one of the exceptions embraced in the contract.

A new trial is granted.

Reversed.

MR. CHIEF JUSTICE GARY and MESSRS JUSTICES WATTS, COTHRAN and MARION concur.