### GANDY v. ORIENT INSURANCE CO.

1. NONSUIT.—A motion for nonsuit may be entertained after all the testimony is in.
2. INSURANCE—CONCURRENT INSURANCE—PRINCIPAL AND AGENT—WAIVER—ESTOPPEL.—If an agent, who has authority to solicit insurance and issue policies, is informed at time of issuance of policy that the property is insured in another company, the company by accepting the premium and issuing the policy waives its right, under the terms of the policy, to declare it null and void because of concurrent insurance.
3. EVIDENCE tending to show that a party knew a fact on a certain day is evidence that he knew it a short while after.
4. CHARGE.—Where several propositions are contained in one request, and one is faulty, the whole may be refused.
5. NOTICE.—Such information as if pursued would lead to knowledge of a fact, is sufficient notice thereof.
6. CHARGE—APPEAL.—A request putting before the jury issues not raised in testimony is faulty, and erroneous remarks thereon is not reversible error.
7. PRINCIPAL AND AGENT.—There was testimony here tending to show agency.
8. INSURANCE—CONCURRENT INSURANCE.—An insurance company issuing a policy on a building on which there is insurance, which is rendered void by reason of the clause against concurrent insurance, is only liable for its *pro rata* share of the loss under similar clause in its own policy.

9. CHARGE—NEW TRIAL—JURIES AND JURY TRIALS.—Error in charge may be cured by granting new trial *nisi,* for the greatest amount the jury could have been influenced by such error.

10. MR. CHIEF JUSTICE MCIVER *dissents.*

Before KLUGH, J., Florence, January, 1897.    Affirmed.

Action by J. J. Gandy *v.* Orient Insurance Company. Judgment for plaintiff.    Defendant appeals.

*Messrs. Trenholm, Rhett & Miller,* and *W. G. Shipp,* for appellant, cite: *Clause prohibiting double insurance enforced on ground of public policy:* 2 McM., 220; 16 Pet., 510. *Policy previously taken out in another company invalidated Orient policy:* 17 Ins. L. J., 456; 23 *Ib.,* 723; 9 *Ib.,* 96. *Conversation between insured and agent cannot effect contract:* 66 Cal., 6; 67 Cal., 621. *Conversation between insured and agent cannot be evidence of waiver, because such waiver is forbidden by policy:* 144 Mass., 46; 9 Allen., 316; 63 N. Y., 534; 33 N. Y., 487; 73 N. Y., 5; 27 S. C., 132; 37 S. C., 56; 17 S. C., 514. *Defendant's request as to misunderstanding between parties should have been charged:* 94 U. S., 29; 11 Fed. Cases, 934. *Plaintiff could not recover even if he notified agent of other insurance:* 37 S. C., 68; 17 S. C., 579.

*Messrs. P. A. Willcox* and *Geo. G. Thompson,* contra, cite: *Can motion for nonsuit be made upon conclusion of whole evidence?* 15 S. C., 146; 38 S. C., 512; 33 S. C., 258. *Waiver may be shown otherwise than by indorsement on policy:* 36 S. C., 272. *Contract made when premium paid and policy written:* 11 Am. Rep., 125; 36 S. C., 271. *Agency being shown, burden of proving limitations to authority shifts:* 13 Wall., 235; 37 S. C., 68. *Not error to refuse to charge that plaintiff is only entitled to recover one-half of three-quarters of value of property on account of other insurance:* 11 Am. Rep., 125; 20 Ib., 171; 69 Ia., 658; 31 Grat., 176; 3 Dill., 480; 40 Am. Rep., 625.

April 1, 1898.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an action on an insurance policy issued by defendant to plaintiff, July 20th, 1893, for one year, on his dwelling house, $150, and on leaf tobacco therein contained, $350, both of which were destroyed by fire October 31st, 1893.   The principal defense was forfeit-ure by violation of the provision in the policy against other concurrent insurance.   From the judgment in favor of plaintiff the defendant company appeals.

1. It is excepted that there was error in refusing the mo-tion for nonsuit made at the conclusion of the whole evidence on both sides.   Respondent raises an inquiry whether a motion for nonsuit can be entertained upon the conclusion of the whole evidence both for plaintiff and defend-ant, which we will notice briefly, although not strictly before us for consideration.   In *Huff* v. *Lat-imer*, 33 S. C., 255, this Court held it was not error to refuse to entertain a motion for nonsuit after defendant's first wit-ness had been sworn and partially examined, no sufficient ground being suggested in support of the motion.   The usual time for such motion is when the plaintiff closes his evidence in chief, but it is not beyond the power of the Judge, charged with the control of the conduct of the cause, to entertain such a motion, even at the close of the whole evidence for both sides, since there is no particular time in the trial of a case when a motion for nonsuit *must* be made. *Smith* v. *Grant*, 15 S. C., 146; *Summer* v. *Kelly*, 38 S. C., 512.   But when a defendant is permitted to move for a nonsuit at the close of the whole evidence for plaintiff and defendant, the plaintiff is entitled to the benefit of all the evidence submitted in behalf of the defendant which may tend to establish his cause of action.   To reverse a refusal to sustain a motion for nonsuit, appellant must show that there was absolutely no evidence whatever even tending to prove plaintiff's cause of action.   Appellant does not under-take to do this, but urges that plaintiff's evidence conclu-sively established a forfeiture, which destroyed the cause of

action his evidence otherwise tended to prove. It has been settled that proof of a forfeiture, brought out on examination of a plaintiff's witnesses, will not justify the granting of a motion for nonsuit made at the close of plaintiff's evidence, since forfeiture is purely a matter of defense, and plaintiff is entitled to show a waiver thereof. *Samples* v. *Ins. Co.*, 42 S. C., 14; *Copeland* v. *West. As. Co.*, 43 S. C., 26; *Carpenter* v. *Accident Co.*, 46 S. C., 546. This, doubtless, explains why the motion for nonsuit was made in this case at the close of all the evidence, so as not to deprive plaintiff of the right to show waiver in reply. Appellant's position, then, is, that plaintiff, having proven the facts constituting a forfeiture of the policy, and not having offered any evidence tending to show a waiver, after opportunity given, in reply, should have been nonsuited. But we hold that there was some evidence tending to prove a waiver of the forfeiture. There was evidence, on the part of plaintiff, tending to show that, just previous to the issuance of the policy in question, plaintiff informed defendant's agent of an existing policy on the building insured. That policy, it is not disputed, was issued to plaintiff by the Home Insurance Company of New York, August 19, 1892, for three years, for $650, including $150 on the same building insured by defendant. Waiver is the voluntary relinquishment of a right. Estoppel *in pais* arises from conduct which has induced another to act, or refrain from acting, whereby a person is precluded from asserting a fact inconsistent with such conduct by himself. Waiver implies an intention to give up a known right, and generally rests in agreement, express or implied. But there may be a waiver by estoppel, in which case the conduct of one inconsistent with a known fact, and inducing a belief that such fact would not be asserted, precludes him from asserting that he has not intentionally relinquished the right founded on such fact. The question before us is not one of waiver by an *agent* of some matter occurring *after* the contract inconsistent with the contract; and, therefore, it is out of our

path to examine whether the *agent* may waive any provision of an insurance policy except in the way prescribed in the policy. The question before us is, whether the *principal* is estopped by conduct to assert a forfeiture, the assertion of which is inconsistent with the *principal's* conduct in accepting the premium and delivering the policy as a *valid* policy, when, if the forfeiture was intended *not to be waived*, *such* policy would be *void in its inception*. On this question, we do not see room for two opinions. The knowledge of an agent acquired within the scope of his agency is imputable to the principal. There was evidence tending to show that the agent had full power to solicit insurance, receive premiums, and write, countersign, and deliver policies of insurance. There is nothing to suggest any limitation of the agent's power in these regards. The receipt of the premium and the delivery of the policy were the acts of the principal, and, if the testimony of plaintiff is true, the principal, through its agent, had knowledge of the concurrent insurance at the time of the inception of the contract of insurance. Under such circumstances, it would be a fraud on the insured for the insurer to assert a forfeiture, which, by such acts, it declared it would not assert. This is the doctrine generally recognized; but since it has been firmly established in this State, it is useless to cite other than our own cases. *Pelzer Manfg. Co.* v. *Sun Fire &c. Co.*, 36 S. C., 273; *Graham* v. *Ins. Co.*, 48 S. C., 195; *Schroeder* v. *Ins. Co.*, 51 S. C., 186. The provision in the policy that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions, no officer, agent or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto," &c., does not affect the present inquiry. This clause is intended to effect the manner in which an

*agent* may waive a provision of the policy, but it in no wise attempts to define the manner by which the *company* itself may waive a provision or estop itself from asserting a cause of forfeiture. An insurance contract, like any other contract, may be altered by the contracting parties, and the insurer may, of course, waive any provision for forfeiture therein. It may also waive the provision relating to the manner or form of waiver by its agents, since this clause has no greater sanctity than any other part of the instrument. But, as before stated, the question here is not a question of waiver by the company's agent, nor is the question here as to a waiver by the company as to the provision concerning the manner of waiver, but it is whether there is some evidence to go to the jury on the question whether the company is estopped to assert a cause of forfeiture by its knowledge and conduct at the inception of the contract. Appellant urges that the provision in the policy, above quoted, is a limitation on the authority of the agent in the matter of waiver; that this limitation of the agent's power was brought to the knowledge of the insured when he accepted the policy containing such provision; that the knowledge of an agent with such restricted authority is not imputable to the principal; that the insured is estopped from asserting any power or authority in the agent inconsistent with said limitation upon his power; hence, that the assured can assert no waiver against the company, unless such waiver is indorsed in writing on the policy. The conclusion is clearly *non sequitur*, even if the premises were true. The agent in this case, the testimony tended to show, was acting within the scope of his agency when he, it is testified, acquired the knowledge of the concurrent insurance, and hence his knowledge is the knowledge of his principal. Moreover, the insured is not asserting any power in the agent inconsistent with his authority, but is asserting an estoppel against the company.

In view of the evidence that the policy was written and the premium paid one day, but the policy was not actually

delivered until a few days thereafter, appellant excepts that there was no evidence that defendant's agent had any knowledge of the other policy on the building, *at the time the contract was made*, as there was nothing to show that the defendant did not expect the plaintiff to cancel such insurance. In other words, evidence that defendant knew a fact on a specified day, when it wrote the policy and accepted the premium, does not tend to prove that defendant knew the same fact three or four days afterwards when the policy was delivered. We fail to see the force of this. Defendant offered no evidence that plaintiff was to have caused the cancellation of the other policy between the time of the payment of the premium and the delivery of the policy by defendant, and if such testimony had been offered, it was proper for it to have gone to the jury along with all the testimony touching the question of waiver.

2. It is excepted that there was error in refusing defendant's request to charge as follows: "That if the jury believe that the plaintiff, Gandy, did say to the agents of the defendant that there was a policy on the building, but the said agents did not hear him, or did not understand him or know that such other insurance existed, such communication by Gandy would not alone be sufficient to relieve the plaintiff from the forfeiture of his policy, and their verdict should be for the defendant." In response to this request, the Judge said: "I have to charge you that very guardedly. I don't think that it is necessary to the understanding of the case, and I must decline to charge it. I would say this, that it is presumed that the agents of the defendant are reasonable and sensible men, and presumed to have ordinary faculties of mind, sound mind and understanding. If the plaintiff made those statements to them, it is presumed they heard him and that they understood him. It was their business to understand him; if they did not, it should be their business, as representing the insurance company, to understand before they made the

contract." The errors assigned to the refusal to charge and the remarks accompanying are: 1. "Because the only grounds upon which defendant would be estopped from setting up a forfeiture of the policy by reason of breach of a condition existing at the time of the delivery of the policy would be such knowledge from which the jury could infer an intention to waive such breach. 2. Because it appeared from the evidence of the plaintiff, in reference to his conversation with the agents of defendant, that there was some confusion in reference to his statement as to other insurance, to wit: whether the other insurance was stated to be on the furniture or the buildings, it being conceded that if such conversation as to such other insurance related to the furniture, the defendants were not estopped from setting up the forfeiture for other insurance on the building. 3. Because, whether the defendant's agents heard and understood the alleged statement of plaintiff, was a fact for the jury to determine from the evidence, and there was no presumption, one way or the other." The request to charge involves several propositions in a single sentence, in which case, if any one of the propositions is erroneous, it is not error to refuse the request. *Pelzer* v. *Sun Fire Office &c.,* 36 S. C., 271. The propositions are, (1) if the agent did not *hear* the statement, or (2) if the agent did not *understand* the statement, or (3) if the agent did not know that such other insurance existed; in either of these events, the communication would not be sufficient to relieve plaintiff from the forfeiture, and the verdict must be for the defendant. Now, it is clear the third proposition is not sound, for it required the agent to have actual knowledge of the actual existence of the other policy; whereas, if the agent had only such information which, if pursued, would have led to actual knowledge of the existence of the other policy, that would have been sufficient notice of the other policy. Besides, the refusal to charge, and the remarks made by the Judge, must be considered in the light of the testimony, and the issue before the jury.

There was no evidence that the agent did not hear or did not understand the statement. There was no suggestion that the agent was hard of hearing, weak in understanding, or incapable of comprehending the English language, or that the statement was made at a time and place and under circumstances when probably the agent may not have heard and understood the statement. The issue concerning the statement was whether the defendant made it, he testifying that he did, and the agent testifying that he did not make it. The request, therefore, was faulty in putting before the jury issues not raised in the testimony. The remarks of the Judge, while they might have been error, if there had been any issue of fact before the jury which could have been affected by such remarks, do not constitute reversible error in this case, since they could not have prejudiced or influenced the jury on the sole issue whether the statement was in fact made to the agent. But, besides this, the Judge fairly submitted to the jury the question as to the agent's knowledge of the other policy by charging defendant's request to charge as follows: "That if the jury believe from the evidence that the agents of the defendant had no knowledge of the outstanding insurance in the Home Insurance Company at the time that the policy of insurance was delivered, then the plaintiff cannot recover, and the verdict should be for the defendant."

3. It is excepted, "That the presiding Judge in charging the jury, as requested by defendant, as follows: 'No one can be presumed to be the agent of another in the absence of *all* testimony, nor can the limit of an agency be determined without some evidence as to the subject matter over which the agent had charge,' erred in commenting thereon as follows: 'That is a general proposition of law, but has very little bearing on this case.' (1) Because the burden of proving the authority of the agents of defendant to waive a condition of the policy as to other insurance rested upon plaintiff, &c. (2) Because there was evidence before the jury of a limited authority of such agents as to

waiving conditions of the policy, and there was no evidence as to the subject matter over which the agent had charge." This request to charge was clearly an abstract proposition, without relevancy to the issue before the jury. Instead of there being an absence of *all* testimony, there was *much* testimony, as to the fact that Jerome P. Chase & Sons were the agents of defendants in the matter of the insurance in question. The complaint alleged that the defendant, "by its duly authorized agent at Florence, S. C.," issued the policy in question. The answer admitted the issuance of the policy. The policy is countersigned at Florence, S. C., by Jerome P. Chase & Sons, agents. The premium was paid to Chase & Sons. Chase & Sons wrote the policy and delivered to the plaintiff. Sanborne Chase, one of the firm of Chase & Sons, testified that he was an agent of defendant. By the act of the legislature, any person who solicits insurance in behalf of an insurance company, receives any premium, delivers a policy of insurance, &c., is held to be acting as the agent of the company for which the act is done or the risk is taken. Sec. 1481, Rev. Stat.

4. The fourth exception alleges error in refusing to charge defendant's request to charge, as follows: "And if the jury find that the only evidence as to to the scope of their authority is, that as contained in the policy itself, that the plaintiff cannot recover, even if he had notified Chase of other insurance on the building, for the reason that there was no indorsement upon the policy." It is excepted that the refusal to so charge was error, because, if the only evidence of the agent's authority to waive a condition was stated in the policy, (1) there could be no waiver inconsistent with such policy provisions; (2) there would be no evidence upon which to base a waiver. This exception is disposed of by what has been said in discussing the motion for nonsuit, and also in discussing the third exception.

5. The fifth and sixth grounds of appeal allege error in refusing to charge that the plaintiff is only entitled to recover in any event in reference to the building, one-half of

three-fourths of the actual cash value, and in charging that if the defendant is responsible at all, it is responsible for the three-fourths value instead of one-half of three-fourths value. The reason assigned for this charge and refusal to charge was that the Home policy issued previous to the Orient policy, containing a provision against concurrent insurance, was made void by the taking out of the Orient policy, and that, therefore, the Orient policy was the whole insurance on the building. Defendant was entitled to have had his request to charge granted, and the contrary charge and the ground upon which it was based are erroneous. The Orient policy did not make void the Home policy. The taking of the Orient policy was merely a ground upon which the Home policy was rendered voidable at the election of the latter company, provided it had not waived the forfeiture for other concurrent insurance. But be this as it may, the policy provides: "This company shall not be liable under this policy for a greater proportion of any loss on the described property * * * than the amount hereby insured shall bear to the whole insurance, *whether valid or not.*" The three-fourths value clause being attached to this policy, the act of February 28, 1896, not being of force or applicable to the policy in question, issued in 1893, and the amount of the whole insurance on the dwelling house being $300—150 in the Home Company and 150 in the Orient Company—plaintiff was only entitled to recover one-half of three-fourths of the loss. But inasmuch as the Judge, after a verdict for the plaintiff for $561.88, ordered a new trial, unless the plaintiff enter a remittitur for $75, and interest thereon from 13th February, 1894, the time from which plaintiff's claim admittedly bore interest, ordering this expressly on the ground that this amount is the greatest amount the verdict could have been affected by said charge, and inasmuch as this amount has been duly remitted, the error complained of has been fully cured, and is not reversible error.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE MCIVER, *dissenting*.  I dissent because I think the defendant's second exception should be sustained, as the Circuit Judge erred in refusing defendant's fifth request therein referred to; and also erred in the comments made by him on such request.  There can be no doubt that one of the most material issues in the case was, whether the defendant company knew, through its agents, Chase & Sons, that there was other insurance on the house at the time the policy was issued; and upon that issue the testimony was directly conflicting—the plaintiff's testimony being one way, and that of Chase, the agent, the other.  This was a question of fact, pure and simple, and should have been left to the jury without any comments by the Judge.  It may be that both of these witnesses were honest in their testimony, as it may be that plaintiff did say to Chase that there was other insurance on the house, and yet, if the agent did not hear this remark, or did not understand it, then it could not be said that the agent *knew* that there was other insurance on the house.  There certainly was some discrepancy in the testimony of plaintiff as to what he told Chase when he went to take out the policy—especially as to whether he told Chase there was other insurance on the house—at one time saying he told him there was other insurance on the *furniture*, and at another time saying he told him there was other insurance both on the house and furniture.  It seems to me, therefore, that the question of fact should have been left squarely to the jury—whether they believed, from all the testimony, that Chase knew, or ought to have known, that there was other insurance on the house at the time he issued the policy, without any suggestions from the Judge as to what they might presume as to the capacity of the agent to hear and understand what the plaintiff says he told him.  Such presumptions or inferences were for the jury to draw from the testimony; and it was an invasion of their province for the Circuit Judge to make any such suggestions as he did make in refusing to charge defendant's fifth request.