## DOYLE v. HILL.

ESTOPPEL—EVIDENCE.—AN INSURANCE COMPANY having notice of a cause of forfeiture at the inception of the contract of insurance is estopped to assert such forfeiture by accepting the premium and delivering the policy as a valid contract of insurance, and in suit on promissory note given for first premium it would be error to admit evidence that the policy was void because the answer to a question in the application was incorrect, which under the terms of the policy would render it void, where insurance company after notice insists that policy was valid.

Before Dantzler, J., Oconee, Fall Term, 1905. Affirmed.

Action by W. R. Doyle against J. B. Hill. From judgment for plaintiff, defendant appeals.

*Messrs. J. E. Boggs* and *J. P. Cary,* for appellant. *Mr. Cary* cites: *Parol evidence is admissible to vary a written instrument in case of fraud:* 71 S. C., 150. *Note was without consideration:* 68 S. C., 110; 13 S. C., 332; 19 Ency., 63n; 102 Am. St. R., 440; 83 Am. St. R., 848; 19 Ency., 789, 797; 44 S. C., 544.

*Mr. R. T. Jaynes,* contra, cites: *Parol evidence is not admissible to vary written contract:* 69 S. C., 93.

October 5, 1906. The opinion of the Court was delivered by

Mr. Justice Jones. The defendant gave his promissory note, dated July 16, 1902, to W. A. Barton, agent for the Travelers' Insurance Company, for $116.61, payable December 1, 1902, which on its face was to secure payment of premium on policy No. 127683, due July 21, 1902. Shortly after the policy was delivered to defendant he returned it to the insurance company, stating his objection by letter, which gave rise to considerable correspondence, in which the company endeavored to meet his objections, insisting on his retaining the policy and declining to surrender the note. The note was transferred after maturity to plaintiff, who brought this action thereon. The defendant, among other things, plead failure of consideration, and on the trial offered evidence to show that the application, which was made a part of the contract of insurance, contained the answer "No" to the question, whether he ever had piles, which was a false statement by the medical examiner as to defendant's true answer, which was "Yes"—the contention being that the policy was thereby rendered void, and hence that the note was without

consideration. The Circuit Court, after admitting the testimony, later, on motion of plaintiff's counsel, struck it out on the ground that defendant could not offer parol testimony to vary or contradict the contract of insurance as written, including the application.

The exceptions taken altogether and liberally construed allege error in the ruling above indicated. It is contended that the ruling was incorrect, for two reasons: (1) fraud being charged, the rule excluding parol evidence does not apply—*Mason* v. *Tel. Co.*, 71 S. C., 150, 50 S. E., 781; (2) it is competent to show that the note was without consideration, citing, among other cases, *McGrath & Byrum* v. *Barnes,* 13 S. C., 332, and *Groesbeck* v. *Marshall,* 44 S. C., 544, 22 S. E., 743.

There would be great force in appellant's contention if the testimony offered really tended to show that the policy was void and, therefore, that the note was without consideration. On the contrary, the testimony offered tended to show a valid policy, and hence appellant was not prejudiced by the ruling. Assuming that an answer to the question materially affecting the risk and warranted to be true would justify a forfeiture of the policy on discovery that the answer was really false, the insurance company may waive the forfeiture, or be estopped to assert it. An insurance company, affected with knowledge of its agent and thus knowing the existence of a cause of forfeiture at the inception of the contract, is estopped to assert such forfeiture by accepting the premium and delivering the policy as a valid contract of insurance. *Gandy* v. *Insurance Co.,* 52 S. C., 228, 29 S. E., 155. It would be anomalous to hold it reversible error to exclude testimony which, if admitted and found to be true, would necessarily defeat the purpose for which it was sought to be introduced.

The judgment of the Circuit Court is affirmed.