8903

MAYBANK & CO. v. RODGERS.

(82 S. E. 422.)

SALES FOR FUTURE DELIVERY. EVIDENCE. TRIAL. ISSUES FOR JURY.

1. In our Courts, if there is any evidence upon an issue it should be submitted to the jury.
2. Statements or acts of an agent beyond the scope of his authority' are inadmissible in evidence against his principal.
2a. An agent to make a contract has no implied authority to rescind or vary the rights of his principal.
3. Testimony as to the making of other contracts by defendant under which actual delivery was had, was relevant as to his intention in making the contracts in question.
4. In action to recover upon a contract of sale for future delivery (under Civil Code, sections 3421, 3422), the plaintiff must prove not only the buyer's intention to receive, but also the intention of the seller to deliver, before he can recover for nondelivery.

---

FOOTNOTE.—As to the admissibility of parol testimony to show that the contract was made in furtherance of objects forbidden by law, see *Groesbeck* v. *Marshall,* 44 S. C. 538, 22 S. E. 743, and note in 16 Am. & Eng. Ann. Cases 388.

5. The recitals of a written contract for sale of goods for future delivery is not sufficient proof, under Civil Code, secs. 3421, 3422, of the intent of the parties to actually deliver and receive in kind the goods in question, but testimony *aliunde* may be introduced to show the real intent.

6. In action on contracts for future delivery of cotton, any evidence as to intention of the parties to actually deliver, presents a question for the jury.

Before SPAIN, J., Florence, November, 1913. Reversed.

Action by Maybank & Co., a corporation duly organized under the laws of South Carolina, against F. M. Rodgers. From a judgment for plaintiff, defendant appeals.

The facts are stated in the opinion.

*Messrs. J. W. Ragsdale* and *Whiting & Baker,* for appellant, cite: *Evidence of intention:* 89 S. C. 73; Wigmore Ev., sec. 377 (2); 14 A. & E. Enc. of L. 621; 60 Hun. 144; 14 N. Y. Supp. 498; 110 Pa. St. 177; 20 Atl. 413. *Wagering contracts:* 14 S. C. 621; 110 U. S. 499; 28 L. Ed. 225; 199 U. S. 481; 37 L. Ed. 819; 182 U. S. 461; 45 L. Ed. 1183. *South Carolina statutes construed:* 50 S. C. 543; 45 S. C. 344; 56 S. C. 111; 54 S. C. 382; 72 S. C. 35; 88 S. C. 572. *Similar statutes construed:* 92 Tenn. 265, 266; 77 C. C. A. 164; 85 Tenn. 572; 119 Mo. 126; 24 S. W. 184; 132 Mo. 150; 33 S. W. 783; 2 Elliott Contracts 1000. *Testimony outside of recitals in contract:* 20 Cyc. 931; 1110 U. S. 499; 28 L. Ed. 225, 230; 131 U. S. 336; 33 L. Ed. 172, 176; 14 A. & E. Enc. of L. 617; 11 Fed. 193; 63 N. E. 740; 70 N. E. 1076; 81 C. C. A. 355; 167 Ill. 388; 47 N. E. 763. *Issues should have been submitted to jury:* Const., art. I, sec. 25, art. V, sec. 26; Code Civil Proc., sec. 326; 25 S. C. 72. *Federal practice distinguished:* 38 Cyc. 1582; 116 C. C. A. 642; 210 U. S. 1; 52 L. Ed. 931. *Requests of both sides for a directed verdict did not amount to a submission of controverted questions of facts:* 223 Ill. 501; 84 N. E. 614.

*Messrs. Willcox & Willcox* and *S. M. Wetmore,* for respondent: *Exclusion of testimony not prejudicial:* 87 S. C. 415, 83 S. E. 68; 90 S. C. 425; 87 S. C. 67. *Limits of cross-examination in discretion of trial Judge:* 33 S. C. 39; 73 S. C. 392; 79 S. C. 122. *Acts under like contracts evidence of intention:* 74 Ill. App. 105. *Recitals of contracts evidence of intent:* 88 S. C. 572. *Where both parties ask direction of verdict, the Court may direct it:* 38 Cyc. 1582; 190 Fed. 126; 126 N. Y. Supp. 123; 64 N. E. 194; 203 Fed. 1; 157 U. S. 157; 39 L. Ed. 655; 210 U. S. 9; 52 L. Ed. 931. *No presumption that the contract is illegal:* 180 Fed. 783; 50 S. C. 588. *Testimony de hors the contract not allowed:* 15 S. C. 32; 6 S. C. 353; Greenleaf Ev., pars. 276-277. *The intent to make a wager must be mutual:* 149 U. S. 480; 37 L. Ed. 819; 115 Fed. 805; 125 Fed. 807; 154 Fed. 486. *Reasons for direction of verdict immaterial:* 73 S. C. 430.

July 18, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on two contracts for future delivery of cotton, brought by the plaintiff, the buyer, against the defendant, the seller, for failure to deliver one thousand bales of cotton.

Both the plaintiff and the defendant requested the trial Judge to direct a verdict in their favor.

Under the case of *Beuttell* v. *Magone,* 157 U. S. 155, 39 L. Ed. 655, 15 Sup. Ct. 566, the presiding Judge felt bound to direct a verdict in favor of the one or the other, and directed a verdict in favor of the plaintiff.

Mr. Justice (now Chief Justice) White, in delivering the opinion in that case said: "There is obviously no disputed question of fact." In the later case of *Empire State Cattle Company et al.* v. *Ry. Co.,* 210 U. S., 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Am. & Eng. Anno. Cases 72, he says: "The

validity of the peremptory instruction must depend upon whether the evidence was so undisputed or was of such a conclusive character as would have made it the duty of the Court to set aside the verdict if the cases had been given to the jury, and verdicts returned in favor of the plaintiff."

In the Federal Courts the Judge has great latitude in dealing with facts in jury cases. In our State Courts they have none, and if there is any evidence in favor of a party, the Judge cannot direct a verdict against him.

From the verdict so directed and the judgment entered thereon, the defendant appealed upon six exceptions, but discusses four propositions.

1. That it was error to exclude the answer to the following question asked the defendant: During the fall of 1909, did the representative of Maybank & Company, at this place, try to induce you to sell any contracts in Wall street or not? The exclusion of this evidence was not error. It needs no citation to show that an agent to make a contract is not authorized to rescind, or vary the rights of the principal unless special authority is shown, and there was none shown here.

2. That it was error to require the defendant, on cross-examination, to answer the following question: "Mr. Rodgers, in previous year, or in a previous year, did you make a contract with Mr. McColl, for Inman & Company, for the future delivery of cotton?" Mr. McColl was the agent of the plaintiff and had been of Inman & Company. The fact that previous contracts had been made under which actual delivery had been made was some evidence of intention. The weight, depending on circumstances, was for the jury.

3. The third proposition is that his Honor erred in not directing a verdict in favor of the defendant. This cannot be sustained, because there was some evidence to go to the jury.

4. The fourth proposition is, that his Honor erred in directing a verdict for the plaintiff. This proposition is sustained.

The statutes (Civil Code, 1912, section 3421) provides: "Every contract * * * for the sale * * * at any future time * * * of any cotton * * * *shall be void* unless the party contracting * * * is at the time of making such contract (1) the owner or assignee thereof, *or* . (2) is at the time authorized by the owner, or (3) unless it is the *bona fide intention* of *both* the parties to said contract at the time of making the same, that the cotton shall be actually delivered in kind by the party contracting to sell and shall be received in kind by the party contracting to receive the same."

Section 3422 provides: That in any and all actions brought in any Court to enforce such contract, the burden of proof shall be upon the plaintiff to establish that at the time of making such contract the party making the same was (1) the owner, or (2) was at the time authorized by the owner to make and enter into such contract, or (3) that at the time of making such contract it was the *bona fide* intention of both parties thereto that the said cotton should be actually delivered and received in kind by the said parties at the future period mentioned therein.

This Court would have to shut its eyes to the history of our own times if it did not recognize the existence of a war upon contracts for future delivery. The conflict culminated in these statutes. These statutes declare contracts for future delivery void unless (1) the seller is at the time of making the contract the owner, or (2) authorized by the owner to make and enter into such contract, or (3) it was the *bona fide* intention of both parties that the goods should be delivered and received. It is the duty of the Courts to declare the meaning of the statute and not to consider its wisdom. The question is what is the intention of the lawmaking department, as expressed in the statutes? Section

3421 declares every contract, for the future delivery of cotton, void with three exceptions. The general rule is that where there is a general prohibition, with exceptions, the burden of proof is with him who claims to be within the exception. This is a general rule, and general rules have exceptions. The legislature took no chances. In section 3422 it declared that in all actions on contracts for future delivery, the burden of proof shall be on him who claims under such contract. It did not content itself with general terms. There must be no room for mistake here. The claimant must prove specific things, *i. e.*, (1) that the seller was, at the time of making the contract, the owner, or (2) was authorized by the owner to make and enter into such contract, or (3) that it was the *bona fide* intention of both parties thereto that the cotton should be actually delivered and received in kind. The contention here is over the intention of the parties. It is not contended that the defendant was the owner, or authorized by the owner to make and enter into such contract, at the time of the making of the contract. The respondent claims that it showed that the buyer intended to receive, and if the seller did not intend to deliver he was bound to notify the buyer. The statute does not so provide. It provides that (in this case) the buyer shall not only prove its intention to receive, but the intention of the Mr. Rodgers to deliver. There is a test of construction that is applicable here. If it had been the intention of the legislature to require the buyers to prove the intention of the seller before he could recover for nondelivery, could it have declared the law more clearly than it has done? It could not have been done. It requires legislative power to relieve the plaintiff of the burden of proving the defendant's intention. That power is not lodged in the Courts.

The respondent says the intention of the defendant is proved by the language of the contract, and men are bound by their contracts. Here there is a wide distinction between

lawful contracts and contracts that are unlawful or bear upon their faces suspicion of unlawfulness.

Contracts that are lawful cannot be varied and will be enforced as written, except for mutual mistake and fraud. Contracts that are unlawful will not be enforced. Contracts that are suspicious will be inquired into and proof *aliunde* allowed. The statute (sec. 3422) starts out with a contract and then goes on to require proof. If the contract itself were sufficient proof, then section 3422 is meaningless. This section does not purport to require the defendant to make proof of unlawfulness, but requires the plaintiff with the contract in his hand to make proof. The contract, therefore, is not sufficient proof.

The statutes do not stop here. Section 3423 provides that, if the defendant in an unlawful contract for future delivery had paid the loss, he would have been entitled to recover back his money and his oath shall be *prima facie* proof of the unlawfulness of the contract.

If it was the *bona fide* intention of both the buyers and seller, at the time of the making of the contract, that this cotton should be delivered and received, plaintiff ought to have his judgment for his loss. If it was not the *bona fide* intention of both parties, at the time of the making of the contract, that the cotton should be delivered and received in kind, then the plaintiff is not entitled to a judgment. This is a question of fact for the jury, and the case is remanded to the Circuit Court for a new trial.

Judgment reversed.

MR. CHIEF JUSTICE GARY and MR. ASSOCIATE JUSTICE HYDRICK concur in the result.