## 9162

### MAYBANK & CO. v. ROGERS.

(86 S. E. 2.)

SALES FOR FUTURE DELIVERY—INTENTION—EVIDENCE.—In an action to recover on a contract of sale of cotton for future delivery, testimony that subsequently to the making of the contract in question, an agent of the seller proposed to a third party to settle the liability under a different contract at the difference between the contract and market price instead of by actual delivery of the cotton was properly excluded.

Before DeVore, J., Florence, November, 1914. Affirmed.

Action by Maybank & Company against F. M. Rogers. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Ragsdale & Whiting,* for appellant, cite: 89 S. C. 73.

*Messrs. Willcox & Willcox* and *S. M. Wetmore,* for respondent, submit: *Exclusion of testimony not prejudicial:* 55 S. C. 403; 76 S. C. 275; 87 S. C. 415. *Admission of agent does not bind principal:* 5 S. C. 358; 98 S. C. 282; 13 S. C. 183; 40 S. C. 456; 17 S. C. 521; 62 S. C. 128; McKelvey Ev., p. 280, note; 71 N. Y. 118, 134; 31 Cyc. 1387, 1388.

August 18, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action by plaintiff against the defendant for damages. The plaintiff is engaged in business of buying and selling cotton and contracted with the defendant for future delivery of cotton at a fixed price. Defendant did not deliver the cotton, and upon failure to do so this suit was instituted for damages, for alleged damages of $17,187.50.

This is the second appeal in the case, and the first appeal is reported in 98 S. C. 282, 82 S. E. 422. The case was tried the second time before Hon. J. W. DeVore and a jury at the November term of Court, 1914, for Florence county, and resulted in a verdict in favor of the plaintiff for $11,562.50, and after entry of judgment defendant appeals, and by his exceptions alleges error on the part of the Circuit Judge in sustaining plaintiff's objection to the testimony of J. M. Commander as to the proposition made him during the life of his contract with Maybank & Company in the fall of 1909 by A. M. McCall, their agent, to settle the contract at the difference in the purchase price and the market price instead of the actual delivery of the cotton. Judge DeVore ruled this was inadmissible, as it happened long after making of the contract sued on, and held that any transactions or statements about other contracts after the contract sued on was made would not be relevant. He ruled that the question to be determined in the case was the intention of the parties at the time of making of contract sued on. The sole question raised by the exceptions is whether or not the Court erred in not allowing defendant to offer in evidence, that an agent of the plaintiff proposed to a third party with whom plaintiff also had a contract to settle with him according to the difference in the market value of cotton at the time and the contract price agreed upon, on the ground that any statement made by such agent after the contract had been entered into between the plaintiff and defendant would not be evidence of or tend to prove the intention of parties at the time said contract was made. The exceptions cannot be sustained. There is nothing to show that the exclusion of this testimony was prejudicial to the defendant. It was not offered as being a part of the *res gestae,* and any admission of agent would not bind his principal unless a part of *res gestae. Aiken* v. *Tel. Co.,* 5 S. C. 358, and such evidence would tend to show that the

proposed settlement was not the original intention of the parties, and there was neither presumption or a scintilla of evidence that the agent had authority to make any such proposition so as to bind his principal.

In the former appeal in this case this Court ruled when exceptions complained of error on part of the Court in excluding the evidence that a representative of the plaintiff had tried to induce the witness to sell contracts on Wall street by saying: "The exclusion of this evidence was not error. It needs no citation to show that an agent to make a contract is not authorized to rescind or vary the rights of the principal unless special authority is shown, and there is none shown here." Certainly a proposition made by the agent of plaintiff to a third party about a different contract was not competent to show the intention of the plaintiff at another time when he made the contract sued on. The evidence is ample to sustain the finding of the jury that the plaintiff was engaged in the legitimate business of buying and selling cotton, and he bought for future delivery certain cotton, and the intention was an actual delivery of the cotton.

Judgment affirmed.