13581

THOMASON v. COMMONWEALTH LIFE INS. CO. OF LOUISVILLE, KY.

(167 S. E., 684)

436

*Messrs. Carlisle, Brown & Carlisle,* for appellant, 

*Messrs. Nicholls, Wyche & Russell,* for respondent, 

February 13, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On November 30, 1929, the defendant issued on the life of one Clarence V. Thomason a policy of insurance in the sum of $1,000.00, in which the plaintiff, his wife, was named as beneficiary. The insured died on June 11, 1931, and this action was subsequently brought in the Spartanburg County Court for recovery of the amount alleged to be due under the terms of the policy. The defendant, by its answer, admitted having insured the life of Thomason, but denied the other allegations of the complaint, and pleaded the following defense: "That the insured, Clarence V. Thomason, contracted and agreed to pay the sum of twenty-three and 97/100 ($23.97) dollars on the 30th day of November

of each year after the year 1929, and that the said policy provided that if said payment was not made on the 30th day of November in each year, or within thirty days grace period thereafter, that the said policy should then and there lapse and become null and void, and that the premium on said policy which was due on the 30th day of November, 1930, was not paid, and that the said policy did lapse on the 30th day of December, 1930, and did then become null and void."

The case was tried on March 9, 1932, before the Honorable M. C. Foster, County Judge, and a jury. The defendant's motion for a directed verdict, duly made, was overruled. The jury found for the plaintiff, and, from judgment entered on the verdict, this appeal is taken.

The appellant's one exception is as follows: "It is respectfully submitted that his Honor the presiding Judge erred in overruling appellant's motion for a directed verdict and for a new trial on the grounds stated in the record, the error being that (a) the only reasonable inference to which the proof is susceptible is that the policy contract lapsed December 31, 1930, at the expiration of the grace period, on account of non-payment of the premium due November, 1930, and for that reason the policy contract was not in force at the time of the insured's death, there being an entire absence of proof of the revival of the policy or waiver of the lapse."

The contract of insurance contained this provision: "Should this policy lapse by non-payment of premium or note given therefor, it may be reinstated at any time upon evidence of insurability satisfactory to the company and the payment of past due premiums with five per cent interest thereon, and should the company require it any other indebtedness of the insured to the company."

It is conceded by respondent that the policy lapsed for failure to pay the annual premium due November 30, 1930, and that unless it was reinstated, it was not in force at the

time of the death of the insured. The testimony of H. W. Phillips, a witness for the plaintiff, is relied upon as showing that an agreement was entered into between the defendant and the insured, whereby the policy was revived. This witness testified that he operated a garage in the City of Spartanburg, and that the insured, prior to his death, worked for him in the repair of automobiles; that some time in January or February, 1931, N. E. Bates, admittedly an agent of the defendant, came to the garage and had the insured sign a printed form which he (Bates) called a "revival form," and that when Thomason had signed it, Bates said to him: "This puts your policy back in full force"; that the witness knew of a payment made by the insured on the premium then due, through work done on the car of E. J. Allen, district agent of the defendant, which amounted to $11.00 or $12.00; that the insured told the witness that the policy had lapsed, and that some time afterwards the revival form was signed in his presence; and that witness knew, at the time the conversation took place between the insured and Bates with regard to the reinstatement of the policy, that they were talking about the insured's policy that had lapsed.

An examination of the quoted provision of the policy discloses that it contains conditions in regard to the exercise of the right to reinstatement; and, as pointed out in *Harvey v. Insurance Company,* 165 S. C., 427, 164 S. E., 6, under such provision, the company has the legal right to require the insured, as a prerequisite to reinstatement of a lapsed policy, to furnish "evidence of insurability satisfactory to the company," and to pay "past due premiums with five per cent interest thereon" and "any other indebtedness of the insured to the company" that it might require, or, upon his failure to comply with all or any of these conditions, to deny reinstatement. But the company could waive, as stated in that case, the forfeiture of the policy by relinquishing its right to require a compli-

ance with such provision. In the case before us, there was unquestionably some testimony tending to show waiver on the part of the company of this provision through its agent, Bates, which required the submission of that question to the jury. If the agent represented to the insured, as testified, that the doing of certain things by him would reinstate the policy, and that the insured complied with all such requirements, he had a right to rely upon the representations made by the agent that the policy was now "in full force."

Counsel for the appellant, however, earnestly urge that there was no evidence that the past-due premium was paid in full by the insured, even if it should be conceded that he arranged for a part payment of it through work done on the automobile of Allen, the district manager, or that there was any waiver of his failure to pay the premium.

We do not agree to this. There was sufficient evidence, as already indicated, to take the case to the jury on the question of the reinstatement of the policy, which includes the question of waiver by the company of the reinstatement requirements of the provision; one of which was the payment by the insured of past-due premiums. Furthermore, we find in the record some testimony tending to show that the premium was paid in full. A. R. Carman, a witness for the plaintiff, testified that shortly after the death of the insured he had a conversation with Allen, the district manager, and questioned him as to whether it was understood between him and the insured that a balance of $12.77, covering labor done by the insured on Allen's car, should be applied as a part payment on the premium upon this particular policy, and that Allen told him that there was such an understanding; that on July 11, 1931, some time after he had the conversation with Allen, he also talked with Bates, the then agent of the defendant, and that Bates told him that the premium due on the insured's policy, November 30, 1930, had been paid, by a payment of $12.70 due insured for labor on a car of Allen, the district manager, and a payment of the difference in cash.

But the appellant makes the point in argument that this testimony was not admissible, contending that it was nothing more than the declaration of an agent of the company, made more than a month after the death of the insured, that a premium was paid on a certain policy of life insurance; that the declaration was not a part of the *res gestae,* was not made by the agent while engaged in some business of the company connected with that particular transaction, and was, therefore, not competent to prove the payment of the premium. The competency of this testimony, however, is not properly before us, as no objection was made to its admissibility at the time it was offered on trial. We have repeatedly stated that this Court will not consider a question made for the first time on appeal (*Norman v. Stevenson Theatres,* 159 S. C., 191, 156 S. E., 357), or in the absence of a ruling thereon by the trial Judge (*Gowns v. Watts Mill,* 135 S. C., 163, 133 S. E., 550). The appellant, recognizing that the question, in the circumstances, could not properly be presented here, has not raised it by any exception.

The judgment of the trial Court is affirmed.

MR. CHIEF JUSTICE BLEASE, MR. JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.