BOBO

v.

**FARM BUREAU MUT. AUTO. INS. CO.**

Civ. No. 3572.

United States District Court, E. D. South Carolina, Columbia Division.

March 3, 1954.

C. T. Graydon and Augustus T. Graydon, Columbia, S. C., for plaintiff.

Nelson, Mullins & Grier, Columbia, S. C., for defendant.

WYCHE, Chief Judge.

This case was tried before me without a jury. The complaint alleges that the defendant company issued a policy of liability insurance on the plaintiff's truck; that on March 20, 1950, the policy was in full force and effect when the truck became involved in a collision resulting in the death of a passenger and serious injury to the driver of the other vehicle involved; that the plaintiff immediately notified the company of the accident in accordance with the terms of the policy; that the insurance company notified plaintiff that the policy had been cancelled on March 9, 1950, and refused to defend any claims or actions brought against plaintiff; that two actions were brought against plaintiff who employed counsel to defend the same; that the actions were settled for $1,500, and plaintiff incurred legal fees and other expenses in the total amount of $2,500.

The answer admits that the defendant insurance company issued a liability policy on plaintiff's truck and alleges that the expiration date for the policy was February 20, 1950; that plaintiff's check for $19 was received at its home office in Columbus, Ohio, on March 22, 1950, but alleges that the policy had lapsed on March 9, 1950, and a new policy was issued effective March 22, 1950; admits that the plaintiff's truck was involved in an accident on March 20, 1950, but denies that the policy was in effect at that time; admits that the insurance company received notice of the actions brought against plaintiff and asserts that it refused to defend the suits on the grounds that the policy had been cancelled; asserts that the company usually grants a 17-day grace period within which to renew liability policies.

In compliance with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause as follows:

Findings of Fact.

Defendant, through its authorized agent, David C. Felkel, issued to plaintiff a $10,000 limit liability policy of insurance, covering plaintiff's 1949 Dodge Truck, in August, 1949, for the period from August 20, 1949, to February 20, 1950, with the right to renew the policy for successive periods of six months by payment of the renewal premium.

Before the termination date of the period for which the policy was issued, plaintiff received a premium notice on the policy and shortly after this notice had been received, and before the expiration date of the policy, plaintiff was advised by Felkel, designated on the policy as authorized representative for the defendant, that she had a 30-day grace period within which to renew the policy.

Acting upon this representation, the plaintiff, on the 28th day after the initial period, mailed the renewal premium payment together with the premium notice to the home office of the defendant in an envelope provided by the defendant for that purpose. The envelope, containing the check and the premium notice was mailed some time prior to 3 o'clock p. m. on March 20, 1950, in Columbia, South Carolina, and was received by the defendant in Columbus, Ohio, on March 22, 1950, the thirtieth day after the expiration of the initial period.

Some time after plaintiff had mailed the premium payment on March 20, 1950, her truck was involved in an accident on U. S. Highway 76, northwest of Columbia, South Carolina. As a result of the accident, a passenger in the

other vehicle was killed and the driver was injured. The negligence of the driver of plaintiff's truck was the direct and proximate cause of the accident and the death of the passenger in the other vehicle and the injuries to its driver.

Plaintiff immediately notified the defendant about the accident and advised it that her truck was damaged beyond repair. The defendant refused to defend the action on the grounds that the policy had been cancelled on March 9, 1950. Plaintiff complied with all the provisions of the policy and at all times kept defendant advised and notified about the claims being made against her and immediately sent to the defendant pleadings in two actions when they were brought against her. The suits asked for a total of $135,000 in damages.

Although the policy contains no reference to a grace period, the defendant contends that a 17-day grace period was allowed on the policy. Plaintiff had no knowledge of a 17-day grace period; she only knew about the 30-day grace period of which she had been advised by defendant's authorized representative. Plaintiff received no notice of cancellation of the policy and was not in fact advised of its cancellation until some time after the accident.

Plaintiff's check in payment of the renewal premium was duly cashed by the defendant and the premium was retained by the defendant, and no tender has been made of its return to the plaintiff. The defendant delivered to plaintiff on April 7, 1950, a new policy on the truck covering the period from March 22, 1950, to September 22, 1950. This policy was issued after the defendant had been notified and had full knowledge that plaintiff's truck was damaged beyond repair.

Plaintiff notified defendant that she refused to accept the new policy and demanded that the defendant defend any actions brought against her as a result of the collision. The defendant retained the premium and made no tender of its return.

When the defendant refused to defend the actions, plaintiff employed her own counsel and negotiated a settlement of the two actions for $1,500. She also incurred legal fees and expenses in connection with the actions. The settlements under the circumstances and considering plaintiff's financial responsibility were fair and reasonable.

## Conclusions of Law.

■ The insurance policy was in full force and effect at the time plaintiff's truck was involved in a collision. Insured had the right to rely on the representations of the company's authorized agent as to the grace period allowed for a renewal of the policy. Insured's compliance with all conditions for renewal continued the policy in force.

■ Insurer was under a duty to apply the premium payment to the existing policy or return the premium. The defendant had no right to issue a new policy where it had been notified that the subject matter of the policy had been damaged beyond repair and where plaintiff had made no application for a new policy. That policy was a nullity under such circumstances.

By retaining the premium payment and making no tender to the insured, the insurer is estopped from denying coverage under the policy. It has waived its right to declare the policy cancelled.

The settlements negotiated by insured were reasonable and favorable to insurer's interests. The sum of $1,250 is a reasonable amount to compensate insured for her attorneys' fees and expenses.

It Is Therefore Ordered that plaintiff recover judgment against defendant in the sum of $2,750, together with the costs of this action.