FARM BUREAU MUT. AUTO.
INS. CO.
v.
BOBO.
No. 6814.

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1954.
Decided July 19, 1954.

P. H. Nelson and E. W. Mullins, Columbia, S. C. (Nelson, Mullins & Grier, Columbia, S. C., on brief), for appellant.

Augustus T. Graydon and C. T. Graydon, Columbia, S. C., for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WEBB, District Judge.

DOBIE, Circuit Judge.

Claudia L. Bobo instituted this civil action against the Farm Bureau Mutual Automobile Insurance Company in the United States District Court for the Eastern District of South Carolina to recover damages in the amount of $4,000.-00 for the alleged breach of a standard automobile combination policy covering a Dodge Pick-up Truck. The policy had been issued to her by the Insurance Company on August 20, 1949. The case was heard by the District Judge, sitting without a jury, who decided that Bobo was entitled to judgment on the ground that the insurance policy was in full force and effect at the time of the accident. 119 F.Supp. 239.

This decision has been duly appealed to us and the sole question to be determined is whether the District Judge was correct in holding that the insurance policy was in effect at the time of the accident.

The policy in question was issued for a period of six months and, by its terms, would have expired on February 20, 1950. The premium for this initial coverage was paid by Bobo to the soliciting agent of the Insurance Company, D. C. Felkel.

Prior to the expiration of the policy, appellant Company sent Bobo a notice of the premium required to renew the policy, which notice was received by the insured. Subsequently, Bobo asked Felkel if she could "let it ride" for a few days and, according to Bobo, Felkel replied that she could "let it ride for thirty days." Appellant denies this statement alleged to have been made by Felkel but the District Court has found as a fact that such statement was made by Felkel to Bobo and there is nothing in the record to justify our disturbing this finding. Thus, we must proceed on the basis that Bobo did receive from Felkel an assurance that the Insurance Company granted a 30-day period of grace for renewing a policy.

Bobo did send in her renewal premium, with the premium notice, in the envelope provided by the insurer. This payment was made on March 20, 1950, twenty-eight days after the initial period of insurance had expired but within the 30-day period of grace. Thereafter, later on the same day, the truck was involved in an accident and completely demolished.

There is no question but that the premium payment was received by the appellant and it is also admitted that this payment was retained by the Company and no tender or offer of return has ever been made. On April 7, 1950, however, after the Insurance Company had knowledge of the accident involving the truck, a letter was sent to Bobo by the Company in which it was stated that the payment had arrived too late to prevent cancellation of the previous policy but that the payment had been applied to a *new* policy effective as of the date the payment was received.

It was the contention of appellant that the applicable period of grace was only seventeen days and that the old policy had expired before payment was received. It should be noted, however, that there was nothing contained in the actual policy itself which made any mention whatsoever of either of the contested periods of grace. By adopting the method of issuing the new policy, effective beginning March 22, 1950, the Insurance Company attempted to avoid all liability incident to the accident in question.

When Bobo received this letter from appellant, she replied by stating that she refused to accept the new policy, that the old policy was still in effect inasmuch as the premium thereon had been timely remitted and no cancellation had been received, and she also stated that no new policy was required since the truck had been damaged beyond repair before the new policy became effective.

While the only question in this appeal concerns the validity of the original policy at the time of the accident, the District Judge's holding of validity may be affirmed on either of two grounds: (1) that the Company's agent, Felkel, had the authority to bind the Company to the 30-day period of grace; or (2) that by the acceptance and retention of the premium, the Company is estopped from claiming a forfeiture, has waived its rights to cancellation and, consequently, the original policy was in effect. Since we believe that, under the South Carolina law, the retention of premiums does serve as a waiver or estoppel, the judgment of the District Court must be affirmed.

While it is not necessary to our decision of this case, we might comment upon the question of the agent's authority. Appellant contends, on this point, that its agent had no authority to enlarge or vary the terms of the principal, citing Standard Accident Insurance Co. v. Simpson, 4 Cir., 64 F.2d 583; Cauthen v. Metropolitan Life Ins. Co., 189 S.C. 356, 1 S.E.2d 147; Maybank & Co. v. Rogers, 98 S.C. 279, 82 S.E. 422.

The Cauthen case concerned the authority of an agent to vary the *written* terms of an insurance contract, where the limitation of the agent's authority in such respect appeared on the policies. Neither the Simpson nor the Maybank case had to do with insurance agents and the facts of these two cases are quite different from the facts in the instant case.

■ In the case before us there was nothing in the policy concerning any period of grace although the insurer admitted that at least a 17-day period was permitted. The agent's name was stamped on the insurance policy and the Company advised Bobo that if there were any questions as to the policy they should be called to the attention of the local representative. The Company admitted that Felkel had the power to execute a binding insurance contract without the prior knowledge of the Company. Under such circumstances, if an insured were to ask the agent about a period of grace and if, as here, the agent advised that a payment within thirty days would maintain the original policy in force, we believe that the apparent authority of this agent would be sufficient to bind his principal.

See, Thomasen v. Commonwealth Life Ins. Co., 168 S.C. 435, 167 S.E. 684; 44 C.J.S., Insurance, § 149, pages 817–818. See, also, Henderson v. Capital Life & Health Insurance Co., 199 S.C. 100, 18 S.E.2d 605; Galphin v. Pioneer Life Insurance Co., 157 S.C. 469, 154 S.E. 855; 3 Couch on Insurance, § 701, p. 231.

■ An even stronger reason in support of the judgment below, however, lies in the retention of the premium by the insurer. The inclusion of the premium notice with the check of Bobo should have indicated to the Company an intention to renew the existing policy. Even beyond this, however, the Company was explicitly advised that no new policy was desired or accepted and that the insured considered the original policy still in force. Under such circumstances, the insurer was obligated either to return the premium or to be held to have waived its ground for avoidance or forfeiture of the original policy.

The South Carolina law on this point is clearly set out in Dubuque Fire & Marine Ins. Co. v. Miller, 219 S.C. 17, 64 S.E.2d 8. At 64 S.E.2d at pages 12–13, it is stated:

"The words 'waiver,' 'estoppel', and 'implied ratification' appear rather frequently in insurance cases and are sometimes used interchangeably, although distinguishable in some respects. The principle expressed by the use of these terms is recognized in the law as tending to the furtherance of justice. The rule is succinctly and correctly stated in the following quotation from 45 C.J.S., Insurance, § 672, page 610: 'An insurance company may waive, or be estopped to assert, a ground for avoidance or forfeiture of any insurance policy, and the courts are prompt to seize on any circumstances which indicate a waiver on the part of the company or which will raise an estoppel against it.'

"Indeed, the quoted statement extends further than appears to be necessary in the case at bar, for we think the acceptance and retention of the premium manifestly indicate waiver without the necessity of seizing upon merely incidental circumstances.

"Our Supreme Court held in the case of Spence v. Phoenix Assurance Co., 104 S.C. 403, 89 S.E. 319, that 'the defendant's failure after the fire to return the premium of insurance, or the unearned portion thereof, in accordance with the provisions of the policy, was evidence of waiver'. And in the case of Doyle v. Hill, 75 S.C. 261, 55 S.E. 446, 447, it was held (quoting from the opinion, which was delivered by Mr. Justice Jones): 'An insurance company, affected with knowledge of its agent and thus knowing the existence of a cause of forfeiture at the inception of the contract, is estopped to assert such forfeiture by accepting the premium, and delivering the policy as a valid contract of insurance. Gandy v. Orient Insurance Co., 52 S.C. 224, 29 S.E. 655.' "

In Dubuque Fire & Marine Insurance Co. v. Wilson, 213 F.2d 115, 118, Judge Soper, speaking for our Court, thus commented upon the Miller case:

"The Supreme Court of South Carolina said in its opinion in Dubuque Fire & Marine Insurance Company v. Miller, supra, that the oral binder arising from the transaction between the Wilson Agency and the owner of the restaurant was invalid under the settled law of the state because the agency failed to designate the Dubuque or any other company to assume the risk; and it also held that the agency had no authority to execute and deliver the policy because prior to assumption of the risk it had been notified that restaurants were on the prohibited list of the company. Nevertheless the court held the company liable on the ground that it waived its right to cancel the policy and thereby ratified the unauthorized act of the Wilson Agency because the Timmons Agency, the general agent of the

company, accepted and retained the premium."

· The judgment of the District Court is affirmed.

Affirmed.