SPRINGS & CO. v. CARPENTER et al.

(Circuit Court of Appeals, Fourth Circuit. May 31, 1907.)

No. 735.

GAMING—SPECULATIVE TRANSACTIONS—SALES FOR FUTURE DELIVERY—NOTES—VALIDITY.

It was no defense to a note given to plaintiffs for balance due them on certain transactions in the purchase and sale of cotton for future delivery in accordance with the rules of the New York Cotton Exchange that the transactions were mere gambling contracts and that the note was given to secure losses, in the absence of proof that plaintiffs had knowledge of defendant's intention during such transactions, if such intention ex-

isted, not to receive the cotton purchased by plaintiffs for them under the contracts nor to deliver that sold on the maturity of the contracts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gaming, §§ 39–44; vol. 7, Bills and Notes, § 975.]

In Error to the Circuit Court of the United States for the District of South Carolina, at Greenville.

C. P. Sanders (H. E. De Pass, on the brief), for plaintiff in error.
H. J. Haynsworth, for defendants in error.

Before GOFF, Circuit Judge, and WADDILL and BOYD, District Judges.

GOFF, Circuit Judge. The plaintiffs below, plaintiffs in error here, instituted this suit to recover the amount due on a note held by them, executed by the defendants below, now defendants in error. The defendants in their answer pleaded that the transactions, in settlement of which the note in suit was given, were all gambling transactions, and that said note was simply security for losses which had accrued on certain gambling contracts for the future delivery of cotton, without any intention on the part of defendants, or either of them, or of the other parties thereto, to take or deliver said cotton, the purpose being to speculate upon the rise and fall of the markets; and that the transactions mentioned were in violation of the laws of the state of South Carolina, whereby said note became void. Upon the trial before the jury the plaintiffs introduced evidence showing the nature of the contracts, and that under the rules of the New York Cotton Exchange, where the cotton was purchased and sold, such contracts required the actual delivery of the cotton, and also that such contracts were made in contemplation of such actual delivery. The plaintiffs testified that they had no knowledge of any intention on the part of defendants not to receive or deliver cotton when the contracts matured. The evidence offered by defendants did not show knowledge on the part of plaintiffs of the intention of defendants not to receive or deliver the cotton on the maturity of the contracts, other than that indicated by the character of the contracts themselves. At the close of the testimony the plaintiffs moved the court to direct a verdict in their favor, as the undisputed testimony demonstrated that the cotton was bought, and the contracts were made, under the regulations of said Cotton Exchange, and that they contemplated the actual delivery of the cotton, which was actually delivered when such contracts matured. The court below refused to so direct, but instructed the jury that it was the duty of the defendants to satisfy them that it was the intention of defendants, when they entered into the contracts, to gamble on the future price of cotton, and also that plaintiffs knew of such intention. The jury found for the defendants. The question we have to dispose of on this writ of error relates to the refusal of the court below to direct a verdict for the plaintiffs in error.

This court has heretofore construed the statute and announced the law applicable to this case. Parker & Co. v. Moore, 115 Fed. 799, 53 C. C. A. 369. We do not find it necessary in the case we now dispose of to either add to or detract from the conclusions we then reached.

We refer to that case as one controlling this. We find nothing in this record showing that the plaintiffs below knew of the intention of the defendants below—if in fact they had such intention—not to receive the cotton bought for them under their contracts upon their orders. This being so, on the testimony submitted to the jury, and from all proper inferences deducible therefrom, there was no conclusion that reasonable men should have reached, save only a verdict for the plaintiffs. It was therefore a matter of law for the decision of the court, and it erred in not directing a verdict.

The case will be remanded, with directions to set aside the verdict and grant a new trial.

Reversed.