### 10268

### MEDLIN v. HODGES.

#### (100 S. E. 154.)

1. GAMING.—WHEN EVIDENCE SHOWS INTENT TO DELIVER IN FUTURE SEED SOLD.—All the testimony in action for breach of contract to sell and deliver cotton seed in future, held to tend to prove that the seller was, at the time of the contract, the owner of the seed, and that it was then the *bona fide* intention of both parties that it should be actually delivered and received, so that there was no error in not leaving the questions to the jury.

2. GAMING—INTENT TO RECEIVE SEED SOLD FOR FUTURE DELIVERY EVIDENCE BY CIRCUMSTANCES.—To show that it was the buyer's intention at the time of contract to sell and deliver cotton seed in the future, to actually receive it, his testimony in terms to that effect, which would not be conclusive, is not necessary; but such intention is to be determined from the whole event.

Before MEMMINGER, J., Marlboro, Fall term, 1917. Affirmed.

Action by J. T. Medlin against H. M. Hodges for breach of contract for sale and future delivery of cotton seed. From a judgment on a verdict directed for plaintiff, defendant appeals.

Defendant's exception is as follows:

"His Honor erred in directing the jury to find for the plaintiff, when the contract was for future delivery, and it was for the jury to decide whether under the evidence adduced it was established that the defendant was the owner or assignee of the cotton seed when the contract was made, or that it was the *bona fide* intention of both parties at the time of making the contract that the cotton seed should be actually received and delivered in kind by the parties to the agreement at the future period mentioned."

*Messrs. Stevenson, Stevenson & Prince,* for appellant, cite: *As to the certain prerequisite facts that must be established in a suit on a contract of this nature, and as to the burden of proof being on the plaintiff:* 45 S. C. —; 50 S. C. 548; 54 S. C. 382; 98 S. C. 283; 104 S. C. 334; 98 S. C. 285. *The Judge should not have directed a verdict in this case—the facts and circumstances were for the consideration of the jury:* 98 S. C. 285. *Partial performance by Hodges not sufficient:* 104 S. C. 285.

*Messrs. Townsend & Rogers,* for respondent, submit: *The construction of a written contract is a question of law for the Court when made by letters:* 17 S. C. 477. The *burden in this case was upon the plaintiff to show that it was a bona fide intention of both parties that the seed should be actually delivered and received:* 50 S. C. 543; 50 S. C. 548. *When there is no dispute as to facts, the Judge may direct a verdict:* 66 S. C. 300; 105 S. C. 73; 91 S. C. 17; 66 S. C. 283. *In all cases the Court may instruct the jury*

*to find upon particular questions of fact:* Code, sections 320, 321; 99 S. C. 187. *When the vendor fails to deliver goods sold, the vendee is entitled to recover the difference between the contract price and the market value of the goods at the time and place of delivery:* 88 S. C. 576.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The one exception is that it was for the jury, and not for the Court, to find (1) whether the defendant, Hodges, contemporaneously with the execution of the contract, was the owner of the cotton seed which was the subject of the contract; and (2) whether at the same event the *bona fide* intention of both the seller and the buyer was that the cotton seed should be actually delivered by the one side and received by the other side. Let the exception be reported.

The written contract was concluded September 1, 1915. It is true that there was a parol agreement before that day, and in the spring of the year; but on August 16th Hodges wrote a letter to Medlin, setting out what he esteemed the parol agreement to be, and asked Medlin to "acknowledge the trade," and September 1st Medlin wrote to acknowledge the contract so stated. And on October 14th Hodges wrote to Medlin:

"You remember, when seed began to advance in August, I wrote to you and reviewed our verbal trade, and asked for your individual contract."

So that the parleying had before September was reduced to a written contract, evidenced by the letters above mentioned. On September 1st Hodges, by the letter of October 14th, admitted that he had planned to buy seed from other parties and so performed his contract with Medlin, "and sell my own seed at an advanced price." Hodges, who was a farmer, worth by his own declaration in a letter to

Medlin from $50,000 to $75,000, was, therefore, the owner on September 1st of the seed he had agreed to sell. The same fact is manifest from the letter of December 20th, hereinafter quoted in another connection. There is, therefore, no reasonable conclusion to be drawn, other than that Hodges was owner of the 3,000 bushels of cotton seed when the contract was made; all the testimony tends to prove so much, and there is none contrary.

The brief of the appellant does not question but that Hodges' *bona fide* intention at the making of the contract was to actually deliver the seed; for he did soon after that event so deliver 718 bushels. The argument only is that there is no testimony to show that Medlin's *bona fide* intention, at the making of the contract, was to actually receive the seed. The argument is that Medlin never expressly testified to what his then intention was. What a party's intention at a given time was depends, not so much upon what the party may subsequently testify it to have then been, as upon what all the circumstances attending the transaction shows it to have been. It would be vain for a person to swear that his intention at a given time and about a given act was one thing, when all the circumstances tended to show it was another thing. We have held that a declaration, even in the written contract, of the intention of the parties, is not conclusive of the fact. *Maybank v. Rodgers,* 98 S. C. 285, 82 S. E. 422.

So in the instant case that which Medlin intended when the contract was made, whether he intended to actually receive the seed, must be determined by the whole event The whole event, resting largely on correspondence, is this: At the time stated Medlin was engaged in the business of buying cotton seed at Bennettsville; that is a common business in the State; the contract was evidenced in informal fashion; Medlin bought for himself and for the Buckeye Cotton Oil Company; the transaction involved only $1,200; the proposition to sell came from Hodges; the sale was made

by Hodges for a particular purpose, and with the expressed intention on his part to put himself in funds with which to pay for fertilizers, so that he intended to deliver the actual seed and receive the actual money; 718 bushels of seed were received from Hodges by Medlin on September 18th; Medlin frequently and persistently demanded a delivery of the balance of the seed; every feature of the transaction suggests that the parties contemplated an actual sale and an actual delivery of cotton seed then in the hands of the vendor; and there is no feature of it to suggest even that the parties intended to deal in futures, in violation of the statute law.

Although the answer set up the *mala fides* of both parties to violate the statute, the defendant offered no testimony which tended to prove the allegation; he did not testify; in his letter to Medlin of December 20th he expressly declared that he sold the seed to Medlin because he thought Medlin had property in his name and was otherwise reliable; and in the same letter he declared:

"I would have shipped you every seed of 3,000 bushels by the middle of September, but I was warned not to let a car of seed, only at my risk, leave Brownsville before being paid for, unless the general market was forty cents per bushel."

And Hodges made practically the same statement in a letter of November 27th to Medlin. The entire testimony is susceptible of only one reasonable inference, and that is that Hodges intended to deliver the seed and that Medlin intended to receive them; there is none to the contrary.

The judgment is affirmed.