### McLURE et al. v. WILSON et al.

(Circuit Court of Appeals, Fourth Circuit. July 3, 1923.)

No. 2102.

Gaming ⊂⇒49(3)—Testimony of buyer of cotton of secret intention not to accept delivery held not to overcome evidence of contract.

Under Civ. Code S. C. 1912, § 3421, which, as construed by the Supreme Court of the state, makes void any contract for the sale of cotton for future delivery where either party did not intend actual delivery, though his intention was not communicated to the other, where the contract clearly expresses, and the entire transaction shows, that actual delivery was intended by both parties, such evidence is not overcome by the subse-

quent testimony of the buyer, in his own interest, that he did not so intend.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge. Action at law by S. B. Wilson and J. M. Smith, partners as S. B. Wilson & Co., against W. S. McLure and J. F. McLure. Judgment for plaintiffs, and defendants bring error. Affirmed.

J. Gordon Hughes and P. D. Barron, both of Union, S. C., for plaintiffs in error.

H. J. Haynsworth and C. F. Haynsworth, both of Greenville, S. C., for defendants in error.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

WOODS, Circuit Judge. In this action by the seller against the buyer for damages for breach of a contract for the purchase of cotton, the defense was that the contract was void under the South Carolina statute, because the seller did not own the cotton at the time of the sale, and it was not intended that actual cotton should be delivered by the seller and received by the buyer. The evidence is mainly documentary and there is little dispute as to the facts.

The plaintiffs, S. B. Wilson & Co., are cotton merchants in Memphis, Tenn., and Clarksdale, Miss. The defendants were not individually in the cotton business, one of them being a dealer in real estate and the other in dry goods in Union, S. C. But both were interested in the Union Cotton Company, which was engaged in buying and selling cotton; and defendants negotiated the purchase through that company.

On October 7, 1920, Union Cotton Company wrote plaintiffs:

"We beg now to confirm our wires of to-day. * * * Also, have sold to W. S. McLure and J. F. McLure, one hundred and fifty bales as follows: 75 bales type 'Wick' Strict Mid. at forty-seven cents (47 cts.) landed during January. 75 bales type 'Troy' strict. Mid. at twenty-nine and one-half cents (29½ cts.) landed during Dec. * * * The present intention of the parties who have bought the above cotton is to have it shipped to Union, S. C., where they will store it. However, they will instruct as to this later. Send us your contracts and we will have same properly signed."

Under the same date a contract was signed by the defendants confirming the sale, describing the cotton, specifying delivery in December and January, "freight paid to Group 'B' points" (meaning any point in Piedmont region of South Carolina or North Carolina), "bill lading attached, documents to Union, S. C." Afterwards, on November 23, 1920, by request in writing of defendants the deliveries were put forward from December and January to March and April. On December 1st defendants reaffirmed their letter of November 23d, setting out change in delivery to March and April.

On March 4th and 9th by letters and on March 11th by telegram, plaintiffs asked defendants for shipping instructions. Defendants not having replied, plaintiffs, on March 15th telegraphed them that they would be held for all damages and loss for failure to carry out the

contract. On the same day defendants answered by wire, denying their obligation and refusing to accept cotton.

Thus it appears that the written contract and every letter and telegram expressed in the clearest manner that both parties intended and understood from first to last that actual cotton of the kind described was to be delivered. In addition, the plaintiff S. B. Wilson testified that when offer to deliver cotton was made plaintiffs had it on hand ready for delivery; and that they made all sales to customers with the intention to deliver the cotton contracted for.

The letter from Union Cotton Company to plaintiffs was competent because the defendant W. S. McLure testified he made the contract through that company. But if incompetent its admission was not material because it contained nothing that was not expressed in the contract signed by defendants. Advice of the plaintiffs to defendants as to the rise or fall of cotton could not affect the issue, and cross-examination on that subject was properly rejected.

Section 3421, South Carolina Code of 1912, provides:

"Every contract, bargain or agreement, whether verbal or in writing, * * * for the sale or transfer at any future time of any cotton, grain, meats, or any other animal, mineral or vegetable product of any and every kind, shall be void unless the party contracting, bargaining or agreeing to sell or transfer the same is * * * or unless it is the bona fide intention of both of the parties to the said contract, bargain or agreement, at the time of making the same, that the said certificate, bond or other evidence of debt, cotton, grain, meats or other animal, mineral or vegetable product so agreed to be sold and transferred shall be actually delivered in kind by the party contracting to sell and deliver the same, and shall be actually received in kind by the party contracting to receive the same at the period in the future mentioned and specified in the said contract, bargain or agreement for the transfer and delivery of the same."

Section 3422 puts the burden of proving that in the making of such contract both parties bona fide intended that the property should be actually delivered and received in kind at the future period mentioned in the contract.

Effect has been given to the provision of the statute that both parties must intend actual delivery to make the contract valid in Riordan v. Doty, 50 S. C. 543, 27 S. E. 939; Harvey v. Doty, 54 S. C. 382, 32 S. E. 501; Marlboro Cotton Mills v. Moore, 115 S. C. 99, 104 S. E. 305; and other cases.

The evidence above set out would convince any reasonable mind that an actual sale and delivery of cotton was intended by both parties. It is argued, however, that the question whether actual delivery was intended by both parties should have been submitted to the jury on this testimony of W. S. McLure:

"At the time of entering into the contract in this case, did you all contemplate receiving the actual cotton or not? We did not."

The Supreme Court has held that under the common law the intention of one of the parties, not disclosed to the other, that the goods should not be delivered and received does not invalidate a contract for future delivery. Browne v. Thorn, 260 U. S. 137, 43 Sup. Ct. 36, 67 L. Ed. 171. Before the Supreme Court of South Carolina had spok-

en on this subject, the federal courts of this circuit held that such secret intention of one of the parties would not vitiate the contract under the South Carolina statute. Springs & Co. v. Carpenter, 154 Fed. 487, 83 C. C. A. 327; Parker v. Moore, 115 Fed. 799, 53 C. C. A. 369. In a recent case, however, the South Carolina court has held that since the statute imposes the duty on the party setting up the contract to prove that both buyer and seller intended actual delivery, the proof fails on this subject if it appears that either party, with or without notice to the other, did not intend actual delivery. Maybank & Co. v. Rodgers, 98 S. C. 279, 82 S. E. 422. We follow the state court's construction of the statute, though contrary to the construction previously given by this court. Enfield v. Jordan, 119 U. S. 680, 691, 7 Sup. Ct. 358, 30 L. Ed. 523; Messinger v. Anderson, 225 U. S. 436, 32 Sup. Ct. 739, 56 L. Ed. 1152.

Where intention is a material inquiry, as it is here, a party may testify what his intention was. 22 C. J. 611. But such testimony is entitled to little weight when there is no evidence that it was communicated to the other party and when it is contrary to the other direct evidence and the circumstances of the transaction. The matter is thus well put by Judge Lamm in Chambers v. Chambers, 227 Mo. 262, 282, 127 S. W. 86, 91, 137 Am. St. Rep. 567, 578:

"It may be conceded that when the intention, a state of mind, is to be determined as an issue in a case, the actor or doer knows more about the processes of his own mind than does anyone else. And so long as his secret intention is not so weighted down and drowned by his acts as to mislead other persons to their injury and thereby estop him, he may testify to his secret intention when called as a witness. * * * The party's declarations of his intentions, made in his own interest, under the stress of a lawsuit on the witness stand, must be brayed in the mortar of reason with the pestle of common sense—that is, they are to be weighed and interpreted in the light of his admissions and declarations off the stand, and in the light of what he did and his whole course of conduct in relation to the subject matter."

Still more direct is the language of Mr. Justice Gage in Medlin v. Hodges, 112 S. C. 472, 100 S. E. 154. There it was contended the court should not have directed a verdict for the plaintiff because he had not testified to his own intent to receive the cotton contracted for. The court in affirming the judgment said:

"The argument is that Medlin never expressly testified as to what his then intention was. What a party's intention at a given time was depends, not so much upon what the party may subsequently testify it to have been, as upon what all the circumstances attending the transaction show it to have been. It would be vain for a person to swear that his intention at a given time and about a given act was one thing, when all the circumstances tended to show it was another thing. We have held that a declaration, even in the written contract, of the intention of the parties, is not conclusive of the fact. Maybank v. Rodgers, 98 S. C. 285, 82 S. E. 422."

So here the mere statement of one of the defendants of their undisclosed intention not to accept the cotton can have no substantial weight against the convincing proof to the contrary furnished by the contract, the correspondence, and the conduct of the parties.

Affirmed.